No. 86-06

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

UNIVERSITY OF MONTANA FOUNDATION,
a Montana nonprofit corporation,

> Plaintiff and Respondent,

-vs-

HUMAN RIGHTS COMMISSION, and its
Administrator, ANNE MacINTYRE,

> Defendants and Appellants.

---

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Thomas Honzel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

> Janice Frankino Doggett, Human Rights Commission,
> Helena, Montana

For Respondent:

> Gough, Shanahan, Johnson & Waterman; Thomas E.
> Hattersley, Helena, Montana
> Frederick F. Sherwood, Helena, Montana

---

Submitted on Briefs: July 31, 1986

Decided: October 9, 1986

Filed: OCT 9 - 1986

_Ethel M. Harrison_
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The Montana Human Rights Commission appeals the order of the First Judicial District which restrained the Commission from any further proceedings regarding a discrimination complaint filed by Gayle Walton against the University of Montana Foundation. The order also required the Commission Administrator to immediately issue a right to sue letter to Gayle Walton. We affirm.

The issues are:

1. Did the District Court err in its interpretation of § 49-2-509, MCA, when it restrained the Commission from further proceedings and required the Commission to issue a right to sue letter?

2. Did the District Court err when it refused to admit evidence regarding the cause of the delay in the Commission's investigation?

On January 20, 1984 Gayle Walton filed three discrimination complaints with the Montana Human Rights Commission (Commission) against the University of Montana Foundation (Foundation). About sixteen months later, the Foundation requested that the Commission issue a right to sue letter regarding Walton's complaints pursuant to § 49-2-509, MCA. Anne MacIntyre, administrator for the Commission, refused the request and stated she was unable to determine whether Commission efforts to settle the case had been unsuccessful, and that a right to sue letter would not be issued until such a determination had been made.

On September 27, 1985 the Foundation applied to the District Court for writ of review and writ of prohibition. The Foundation claimed the Commission lost jurisdiction of

2

Walton's complaints by failing to meet the time limits set forth in § 49-2-509, MCA, and should be barred from further proceedings in the matter. The Commission responded with a motion to quash the Foundation's writ of prohibition. Additionally, Walton was permitted to intervene. Following briefing and oral argument, the District Court issued an order restraining the Commission from any further proceedings in the matter and requiring Anne MacIntyre, as Division Adiminstrator, to issue a right to sue letter. Commission appealed.

I

Did the District Court err in its interpretation of § 49-2-509, MCA when it restrained the Commission from further proceedings and required the Commission to issue a right to sue letter?

Section 49-2-509(1), MCA, provides:

(1) The commission staff shall, at the request of either party, issue a letter entitling the complainant to file a discrimination action in district court if:

(a) the commission has not yet held a contested case hearing pursuant to 49-2-505 and has determined that it will be unable to hold a contested case hearing within 12 months of the date the complaint was filed under 49-2-501; and

(b) 180 days have elapsed since the complaint was filed and the efforts of the commission staff to settle the complaint after informal investigation pursuant to 49-2-504 have been unsuccessful.

In determining legislative intent, the Court must first look to the plain meaning of the language used in the statute. State ex rel. Palmer v. Hart (Mont. 1982), 655 P.2d 965, 39 St.Rep. 2277; Dorn v. Board of Trustees of Billings School District No. 2 (Mont. 1983), 661 P.2d 426, 40 St.Rep. 348.

3

The Commission believes the statute does not permit removal of a case to district court until an attempt to settle the case has been made, even though the time requirements of the statute have been exceeded. In a letter from Anne MacIntyre to the Foundation's attorney, this position was clearly enunciated. In part, the letter stated:

> I am unable to determine that the "efforts of the commission staff to settle the case after informal investigation pursuant to 49-2-504 have been unsuccessful." § 49-2-509(1)(b), MCA and A.R.M. 24.9.262(2)(c) (emphasis added). I am unable to make such a determination because the informal investigation has not been concluded, and will not be concluded until the commission staff issues its findings. The reasonable cause or lack of reasonable cause finding in a case under investigation is the staff's determination whether the allegations of the complaint are supported by substantial evidence. Section 49-2-504, MCA, requires the staff to make such a determination and then attempt to settle the case and eliminate the discriminatory practice through conference, conciliation, and persuasion. Section 49-2-509(1)(b), MCA, does not permit removal to district court until these steps have been completed, even though the time requirements have been met. (Second emphasis added for this opinion.)

The position of the Commission as stated above is not a correct interpretation of the statute.

We conclude that § 49-2-509(1), MCA, provides that on the request of either party, a right to sue letter should issue where 180 days have elapsed since the filing of the complaint without the completion of an informal settlement, and in addition, where 12 months have elapsed from the filing date so that a contested case hearing cannot be held within such 12 month period. Gayle Walton filed her complaints on January 20, 1984. As a result, an informal settlement must have been completed by the Commission by July 19, 1984 - 180 days from filing. As an alternative, the Commission must have held a contested case hearing by January 19, 1985 - 12

4

months from January 20, 1984. Neither of these statutory deadlines were met. This statute then provides that upon the request of either party, a right to sue letter should issue.

As the District Court's well-phrased order stated:

> The language of the statute is clear on its face. The Commission staff must issue a right to sue letter at the request of either party if two conditions are met: (1) a contested case has not and cannot be held within 12 months of the filing of the complaint; and (2) efforts to informally settle the matter pursuant to § 49-2-504, MCA, have been unsuccessful and 180 days have elapsed. Here, no contested case has been held and more than 12 months have passed since the filing of the complaint. In addition, more than 180 days have elapsed since the filing of the complaint, and there has not been a successful settlement. Since the Foundation has requested the Commission staff to issue a right to sue letter, it must do so. . .

> Section 49-2-509, MCA, does not say that the Administrator has the authority or the discretion to determine whether efforts at informal settlement have been unsuccessful. To hold that the Administrator has such discretion would be to insert something which was omitted by the Legislature. This the Court cannot do. Furthermore, to hold that the 180 days begins to run only after the Administrator has made a determination that efforts to settle have been unsuccessful, would permit the Commission staff to informally do what it could not formally do, that is, the staff could continue with the matter well beyond the 12 month time limit for holding a contested case. The plain language of the statute clearly shows that such was not the intent of the Legislature.

Rule 1 of the Montana Rules of Civil Procedure in part provides that the rules shall be construed to secure "the just, speedy, and inexpensive determination of every action." The same guidelines properly may be applied to the administrative proceeding requirements of § 49-2-509, MCA. The aim of the administrative process is to secure a just and inexpensive determination which is just as speedy as the court process. The legislature has placed a reasonable time limit on the administrative process by granting a total of 12 months within which to complete that process. Nothing has

5

been presented which demonstrates that the 12 month period is an unreasonable period. We hold that the District Court did not err when it restrained the Commission from further proceedings and required the Commission to issue the right to sue letter.

II

Did the District Court err when it refused to admit evidence regarding the cause of the delay in the Commission's investigation?

In the present case, the District Court refused to consider evidence that settlement had not been reached due to delay caused by the Foundation. If the time periods set forth in the statute have passed, then upon request a right to sue letter must be issued. The statute does not address delays, nor provide for additional time if one side or the other caused a delay. We hold the District Court did not err when it refused to admit evidence regarding the cause of the delay in the Commission's investigation.

We affirm the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

John C. Sheehy

_____

L. C. Gulbrandson

Justices

Mr. Justice Frank B. Morrison, Jr. dissents as follows:

I dissent.

The wording in § 49-2-509(1)(b), MCA, is ambiguous. Subsection (b) may be read as having one or two conditions. To determine legislative intent we should look to the legislative history of § 49-2-509, MCA.

Section 49-2-509, MCA, was introduced as House Bill 660 in the 1983 legislative session. Comments submitted by Commission Administrator MacIntyre indicate the bill was intended to provide an alternative forum for a complainant whose case was not being expeditiously investigated and settled by the Commission.

> There are several reasons the Commission has requested the introduction of this legislation. First, many complainants who are represented by counsel from the outset would prefer to pursue their complaints in court rather than at an administrative hearing. Secondly, because of the inadequate funding of the Commission, the number of cases awaiting hearing is large and growing. While the number is not large compared to the number of cases which are resolved by the Commission staff through investigation and conciliation prior to hearing, it does contribute to the Commission backlog. Furthermore, in many cases, damages continue to accrue while cases are awaiting hearing and this seems particularly inequitable to Respondents.
>
> . . .
>
> Because of the fact that the Commission staff is able to resolve more than 90% of the cases filed with it through conciliation and investigation, the Commission believes that all complaints should be filed with the Commission initially. If the Commission staff cannot resolve the complaint within 180 days through conciliation and investigation, the complainant can then exercise the election provided for in this bill.

Senate Judiciary Committee minutes, March 9, 1983.

The bill was amended to provide both complainant and respondent with the right to request a right to sue letter.

8

Sections 49-2-509, MCA, establish the administrative remedy for resolving discrimination complaints. The federal district court for the District of Montana found that the legislature intended to create a procedure whereby the Commission would informally eliminate discriminatory practices by conference, conciliation, and persuasion, and that the statutory remedy is exclusive. Walker v. The Anaconda Co. (D.C.Mont. 1981) 520 F.Supp. 1143, 38 St.Rep. 1557. I agree with this analysis.

In the present case, the District Court refused to consider evidence that settlement had not been reached due to delay caused by the Foundation. This was error. If a party is permitted to stall its way into district court, the statutory remedy can be rendered meaningless. Pursuant to §49-2-504, MCA, the Commission staff shall informally investigate a filed complaint promptly and impartially. This task becomes exceedingly difficult where the respondent refuses to comply with discovery requests.

I would interpret § 49-2-509(1)(b), MCA, to require a look into the progress of settlement efforts after 180 days have elapsed. The legislative history reveals § 49-2-509, MCA, was implemented to provide an alternative remedy where administrative delay is preventing resolution of a complaint. In the present case, the district judge should have determined whether the Foundation or the Commission was responsible for the delay.

The Commission's interpretation of § 49-2-509(1), MCA, is found at ARM 24.9.262;

> (2) The division administrator shall issue the right to sue letter on behalf of the Commission upon receipt of a written request from either party if the administrator determines:

(a) No contested case hearing has been held in the case;

(b) 180 days have elapsed since the complaint was filed;

(c) the efforts of the division to settle the case after informal investigation have been unsuccessful; and

(d) the Commission will be unable to hold a contested case hearing in the matter within 12 months of the date the complaint was filed.

The District Court found this rule to be an incorrect interpretation of the statute as it contains four enumerated conditions rather than two, and it allows the division administrator to determine whether settlement efforts have been unsuccessful.

The rule is, in my opinion, proper under the statute. Subsection (c) of the rule does not give the administrator unbridled discretion to extend a case beyond the 12 month time limit for holding a contested case hearing. The Commission has a duty to promptly investigate complaints and immediately try to eliminate discriminatory practices. Neither party should be permitted to circumvent the administrative remedy by using dilatory tactics. The legislative history and time limits contained within the statute support this result.

The District Court should be reversed and the case remanded for further proceedings.

Justice

10