No. 12946

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

STATE OF MONTANA, ex rel, THE CITY
OF BOZEMAN and WALTER L. BATES,

Relators,

-vs-

THE DISTRICT COURT OF THE EIGHTEENTH
JUDICIAL DISTRICT OF THE STATE OF
MONTANA, IN AND FOR THE COUNTY OF
GALLATIN AND THE HON. W. W. LESSLEY,
JUDGE THEREOF,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Relators:

Brown and Gilbert, Bozeman, Montana
Gene I. Brown argued, Bozeman, Montana

For Respondents:

Anderson and Dasinger, Bozeman, Montana
Douglas Dasinger, argued, Bozeman, Montana

---

Submitted: January 22, 1975

Decided FEB 19 1975

Filed: FEB 19 1975

Thomas J. Kearney
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an original proceeding by the City of Bozeman and its employee for a writ of supervisory control. They seek to reverse an order denying them summary judgment in two personal injury actions against them in the district court of the eighteenth judicial district.

Relators are the city of Bozeman and Walter L. Bates, its employee. Respondents are the district court and the Hon. W. W. Lessley, district judge, presiding.

The following situation is disclosed by the pleadings, depositions, answers to interrogatories and admissions on file with the district court:

On August 17, 1973, at about 5:15 p.m. Ida Keneady and Virginia Noll were seated in Keneady's Ford sedan parked at the curb on Babcock street in Bozeman, Montana. The Ford was struck from behind by a street pavement roller owned by the state of Montana, borrowed by the city of Bozeman, and operated by Walter L. Bates, a city employee. Thereafter, at the scene of the accident, Bates filled out a form giving his name and address and Ida Keneady filled out a form giving her name, address, telephone number, and the details of the accident. It is unclear whether Virginia Noll filled out a similar form or whether she was included in the form filled out by Ida Keneady. The forms were exchanged by Bates and Ida Keneady. A policeman also filled out an accident report.

After returning home, Bates reported the accident by phone to the foreman of the city street department. The following morning the accident was reported orally to the superintendent of the city street department and the assistant city manager. The latter in turn reported it to the city's insurance company. The following evening, the insurance adjuster contacted both Ida

Keneady and Virginia Noll. He discussed each of the claims with them; was advised of the circumstances of the accident; the nature and extent of their injuries so far as each was aware of at that time; the names of all persons involved; and was advised that it would be several months before the exact nature and extent of their claims could be properly evaluated. The adjuster advised them that when their doctors submitted sufficient medical information, their claims would be evaluated at that time. Additionally, at that time the adjuster attempted to settle Ida Keneady's claim.

Ida Keneady and Virginia Noll filed separate personal injury actions on April 8, 1974, against the city of Bozeman, Bates and the state of Montana. Subsequently summary judgment was granted in favor of the state of Montana. The state is not involved in the present proceeding.

The personal injury actions were based on the alleged negligence of Bates. Each complaint contains four claims for relief revolving around the provisions of the Montana Tort Claims Act:

(1) Compliance with Act; (2) estoppel to raise the provisions of the Act in bar by reason of the actions of the insurance adjuster; (3) inapplicability of the Act to the city, and (4) unconstitutionality of the Act. We decline to reach the issues of applicability or constitutionality of the Act as summary judgment is precluded irrespective of these issues.

The district court denied motions for summary judgment by the city and Bates. They subsequently applied to this Court for supervisory control to reverse this ruling. We accepted jurisdiction and issued an alternative order to show cause. The matter was argued by counsel for all parties and taken under advisement.

Rule 56(c), M.R.Civ.P. provides the moving parties, relators here, are entitled to summary judgment if:

" * * * the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

The burden of establishing the absence of any issue of material fact is on the party seeking summary judgment. Roope v. The Anaconda Co., 159 Mont. 28, 494 P.2d 922; Byrne v. Plante, 154 Mont. 6, 459 P.2d 266, and cases cited therein.

The pertinent requirements of the Montana Tort Claims Act are:

"Section 82-4312. * * * All claims against a political subdivision arising under the provisions of this act shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred twenty (120) days from the date of the occurrence from which the claim arose or when the injury should reasonably have been discovered, whichever is later."

"Section 82-4313. * * * All claims presented to and filed with a governmental entity shall accurately describe the conduct and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and shall contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six (6) months immediately prior to the time of the occurrence from which the claim arose. If the claimant is incapacitated and unable to present and file his claim within the time prescribed or if the claimant is a minor or if the claimant is a nonresident of the state and is absent during the time within which his claim is required to be filed, the claim may be presented and filed on behalf of the claimant by any relative, attorney or agent representing the claimant. A claim filed under the provisions of this section shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place, nature or cause of the claim, or otherwise, unless it is shown that the governmental entity was in fact misled to its injury thereby."

"Section 82-4314. * * * No claim or action shall be allowed against a governmental entity unless the claim has been presented and filed within the time

- 4 -

limits prescribed by this act."

Keneady and Noll admit they did not literally comply with the provisions of the Montana Tort Claims Act.  At issue is whether the relevant facts and circumstances constitute substantial compliance.

The city concedes actual knowledge of the happening of the accident.  Issues of material fact exist concerning the fact and extent of actual knowledge by the city that plaintiffs were injured and claimed against the city.  The ultimate legal issue of substantial compliance turns on these factual issues. These issues precluded summary judgment for relators.

The application for supervisory control is dismissed and the stay of proceedings in the district court is vacated.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 5 -