No. 12883

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

VIRGINIA NOLL,

                      Plaintiff and Appellant,

    -vs-

CITY OF BOZEMAN,

                      Defendants and Respondents,

    and

IDA KENEADY,

                      Plaintiff and Appellant,

    -vs-

THE CITYOF BOZEMAN,

                      Defendants and Respondents.

---

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellants:

        Douglas D. Dasinger argued, Kalispell, Montana

    For Respondents:

        Anderson, Symmes, Forbes, Peete and Brown, Billings,
         Montana
        Richard F. Cebull argued, Billings, Montana
        Brown and Gilbert, Bozeman, Montana

    For Amicus Curiae

        Poore, McKenzie and Roth, Butte, Montana
        Urban L. Roth argued, Butte, Montana
        Knight, Dahood, Mackay and McLean, Anaconda, Montana
        Wade J. Dahood argued, Anaconda, Montana

---

                    Submitted: April 11, 1975

                    Decided:   APR 29 1975

Filed:   APR 29 1975

_Thomas J. Kearney_
                Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

In 1972, the Constitutional Convention and the people of the State of Montana abolished the concept of sovereign immunity by constitutional declaration. Article II, Section 18 of the 1972 Montana Constitution provides:

"The state, counties, cities, towns, and all other governmental entities shall have no immunity from suit for injury to a person or property. This provision shall apply only to causes of action arising after July 1, 1973."

In 1973, the Legislature enacted the Montana Comprehensive State Insurance Plan and Tort Claims Act, Ch. 380, Laws of 1973, now codified as sections 82-4301 through 82-4327, R.C.M. 1947. Among its provisions are these claim requirements:

Section 82-4311:

"All claims against the state arising under the provisions of this act shall be presented to and filed with the secretary of state within one hundred twenty (120) days from the date of the occurrence from which the claim arose or when the injury should reasonably have been discovered, whichever is later."

Section 82-4314:

"No claim or action shall be allowed against a governmental entity unless the claim has been presented and filed within the time limits prescribed by this act."

This appeal challenges the constitutionality of the quoted statutory claim requirements. The suit arose from personal injuries allegedly caused by operation of government equipment by government employees in the City of Bozeman. The particulars of the incident are detailed in State ex rel. The City of Bozeman v. District Court, ____Mont.____, 531 P.2d 1343, 32 St.Rep. 205, and will not be repeated here. This appeal is brought from the district court's dismissal of plaintiffs' complaints for failure to comply with the quoted claim requirements.

On appeal, plaintiffs concede they did not comply with

the statutory requirement that their claims be presented to the secretary of state within 120 days. Section 82-4311, R.C.M. 1947. However, they argue the statute is unconstitutional, violating Article II, Section 18, 1972 Montana Constitution, heretofore quoted, and the equal protection guarantees of the Montana and United States Constitutions.

The parties agree that, prior to the adoption of the new constitution, the legislature clearly had the power to limit or expand governmental immunity at its discretion. Mills v. Stewart, 76 Mont. 429, 247 P. 332, supports that proposition. Under the 1889 Montana Constitution, this Court upheld the validity of statutes requiring notice of injury within sixty days of an accident. Floyd v. City of Butte, 147 Mont. 305, 412 P.2d 823; Section 11-1305, R.C.M. 1947.

Plaintiffs argue that Article II, Section 18, 1972 Montana Constitution, has limited that power of the legislature by creating a constitutional mandate which supersedes legislative discretion. It is urged that the constitutional change created a right to sue the government which cannot be limited by the claim requirements of section 82-4311, R.C.M. 1947.

In determining the constitutionality of the claim requirements, we are governed by a number of well established rules. Every doubt must be resolved in favor of the constitutional validity of the legislative acts; State Highway Commission v. Chapman, 152 Mont. 79, 446 P.2d 709. No statute will be held unconstitutional unless its violation of the fundamental law is clear and palpable; Harrison v. City of Missoula, 146 Mont. 420, 407 P.2d 703. With reference to the subjects upon which the Constitution speaks, its declarations are binding upon the legislature; State ex rel. Pierce v. Gowdy, 62 Mont. 119, 203 P. 1115. Constitutional provisions are conclusive upon the legislature and prevent the enactment of

any law which extinguishes or limits the powers conferred by the Constitution; State ex rel. Bonner v. Dixon, 59 Mont. 58, 195 P. 841; State ex. rel. DuFresne v. Leslie, 100 Mont. 449, 50 P.2d 959.

In appellate arguments and briefs, the parties extensively debated whether the 1972 Constitution created a right to sue or merely denied the government the defense of sovereign immunity. The inescapable fact is that the government no longer enjoys protection from suit under the 1972 constitutional mandate. The challenged statutes purport to provide immunity if a claim is not presented within 120 days of the occurrence. Whether the statutes are viewed as a limitation on a constitutional right or a violation of a constitutional prohibition, they cannot be sustained. The terminology employed is unimportant in light of the unconstitutional result.

A reading of the record of the 1972 Constitutional Convention clearly indicates the framers intended to provide redress for all persons, whether victims of governmental or private torts. In referring to the concept of sovereign immunity, the Bill of Rights Committee reported to the Convention:

> "The committee finds this reasoning repugnant
> to the fundamental premise of the American
> justice: all parties should receive fair and just
> redress whether the injuring party is a private
> citizen or a governmental agency."

The chairman of that committee, speaking from the Convention floor, told the delegates:

> "We submit it's an inalienable right to have
> remedy when someone injures you through negligence
> and through wrong-doing, regardless of whether he
> has the status of a governmental servant or not."

The Convention had before it a similar provision which had been proposed by the North Dakota Constitutional Convention of 1972. That provision granted the North Dakota Legislative

- 4 -

Assembly the power to "provide for reasonable limitations" upon the bringing of suits against the government. (Article I, Section 22, of the proposed 1972 North Dakota Constitution). Although Montana's Convention discussed the possible addition of that qualifying phrase, it was never adopted.

The record, as cited, clearly indicates the framers wished to preclude limitations upon the waiver of sovereign immunity. The claim requirements of the Tort Claims Act, if permitted to stand, would contravene the clear purpose of the constitutional provision. Sections 82-4311 and 82-4314, R.C.M. 1947, insofar as they purport to impose a 120 day claim requirement, are violative of Article II, Section 18, 1972 Montana Constitution.

Defendant's argument that statutes of limitation are within the power of the legislature to enact is conceded. However, the argument that the claim requirements are nothing more than statutes of limitation is not persuasive. The Tort Claims Act provides what clearly is a statute of limitations in section 82-4317, R.C.M. 1947. Section 82-4311, R.C.M. 1947, creates a condition precedent to the government's waiver of immunity. Such restrictions on the abolition of sovereign immunity destroy the constitutional grant itself and are clearly unconstitutional.

The statutes challenged here do not conform to the traditional concept of statutes of limitation. A true statute of limitation establishes a time period within which suit must be brought. 51 Am Jur 2d, Limitation of Actions, §13. Its object is to suppress stale and fraudulent claims after the facts concerning them have become obscure from lapse of time, defective memory, or death or removal of witnesses. Eby v. City of Lewistown, 55 Mont. 113, 173 P. 1163. Section 82-4317, R.C.M. 1947, fulfills these criteria, section 82-4311, R.C.M. 1947, does not.

- 5 -

In finding that the challenged statutes violate Article II, Section 18, 1972 Montana Constitution, we need not reach the question of denial of equal protection. Accordingly, we express no opinion as to whether or not the discrimination between victims of governmental and private tortfeasors violates equal protection guarantees. Neither do we reach a determination of the impact of the subsequent amendment to Article II, Section 18, which is effective on July 1, 1975. That amendment would permit the legislature by a two-thirds vote to impose limitations.

The district court's dismissal of plaintiffs' actions is reversed. They are remanded to the district court for further proceedings not inconsistent with this opinion.

_____
                    Justice

We concur:

_____
    Chief Justice

_____

_____
    Justices

- 6 -