No. 14538

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

RON S. NELSON,

Plaintiff and Appellant,

-vs-

TWIN BRIDGES HIGH SCHOOL, TWIN BRIDGES,
MONTANA; SCHOOL DISTRICT NO. 7,
State of Montana,

Defendants and Respondents.

---

Appeal from:  District Court of the Fifth Judicial District,
Honorable Frank E. Blair, Judge presiding.

Counsel of Record:

For Appellant:

Harlen, Norris and Picotte, Helena, Montana
Carter N. Picotte argued, Helena, Montana

For Respondents:

Corette, Smith, Dean, Pohlman, and Allen, Butte, Montana
R. D. Corette, Jr., argued, Butte, Montana

---

Submitted:  March 21, 1979

Decided: APR 17 1979

Filed: APR 17 1979

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff appeals from a summary judgment against him in the District Court of Madison County.

Plaintiff Ron S. Nelson filed an action for damages against Twin Bridges High School and School District No. 7 for personal injuries allegedly suffered during a student-faculty basketball game at Twin Bridges High School on April 29, 1974. The game was part of an intra-mural program and plaintiff's participation was voluntary. Plaintiff claims that during the game he was violently hit from behind, knocked to the floor and suffered extensive and permanent injuries to his right knee.

Plaintiff alleges that he filed a claim for damages with "the proper officials of defendants" on March 3, 1977. No compensation was paid by defendants. On October 31, 1977, plaintiff filed suit against them in the District Court, seeking damages for his alleged injuries. Defendants' amended answer alleged the action was barred by the three-year statute of limitations.

The District Court granted summary judgment to defendants on the ground that plaintiff's action was barred by the statute of limitations, citing the three-year statute of limitations against personal injury actions, section 93-2605(3), R.C.M. 1947, now section 27-2-202 MCA, and the two-year statute of limitations applicable to claims against the state and its political subdivisions, section 82-4312, R.C.M. 1947, now section 2-9-301(2) MCA.

The sole issue on appeal is whether plaintiff's action is barred by the statute of limitations. Whether the two-year or three-year statute of limitations applies is immaterial as plaintiff's action is either barred or permissible under either statute. Here the action was filed about 3-1/2 years after the alleged injury and about 8 months after the alleged presentation of the claim to defendants.

The gist of plaintiff's contention is that the statute of limitations is no bar because his action was filed within 8 months after presentation of his claim to the defendants. He cites sections 82-4316 and 82-4317, R.C.M. 1947, (since repealed by Sec. 12, Ch. 360, Laws 1977), providing that an injured party can file a civil suit for damages within two years of filing his claim with the political subdivision, here the High School and the School District. He contends that the statute of limitations begins to run at the time the claim is presented to the School District and High School.

Although this case is relatively simple on its facts, it is complicated by changes in the laws respecting statutes of limitation as applied to personal injury claims against state and local governmental subdivisions. The 1972 Montana Constitution abolished sovereign immunity by providing:

> "The state, counties, cities, towns, and all other local governmental entities shall have no immunity from suit for injury to a person or property . . ." 1972 Mont. Const., Art. II, §18.

Thereafter in 1973, the legislature enacted the Montana Tort Claims Act. Ch. 380, Laws of 1973, codified as section 82-4301 et seq., R.C.M. 1947, now section 2-9-101 et seq. MCA. This act required a claim to be filed with the proper governmental unit within 120 days of the injury before suing the state or one of its political subdivisions. Sections 82-4311, 82-4312, R.C.M. 1947, now sections 2-9-301(1), 2-9-301(2) MCA. If the claim was not paid, an injured party could commence a civil suit for damages within two years of the filing of the claim. Sections 82-4316, 82-4317, R.C.M. 1947, (since repealed by Sec. 12, Ch. 360, Laws 1977).

In 1975, this Court held the 120 day claim requirement unconstitutional where a party sought to impose liability on the state. Noll v. City of Bozeman (1975), 166 Mont. 504, 534 P.2d

880. By implication, Noll also struck down the claim require-
ment, applicable to actions against local governments.

The Noll decision was based on our construction of the
intent of the framers of the constitution "to preclude limita-
tions upon the waiver of sovereign immunity." Noll at 508.
We noted that the power of the legislature to enact statutes of
limitation governing tort claims against the state had not been
affected. Noll at 508.

> " . . . A true statute of limitation establishes
> a time period within which suit must be brought.
> (Citation omitted.)  Its object is to suppress
> stale and fraudulent claims after the facts con-
> cerning them have become obscure from lapse of
> time, defective memory, or death or removal of
> witnesses.  Eby v. City of Lewistown [1918], 55
> Mont. 113, 173 P. 1163."  Noll at 509.

We held that the 120 day claim requirement did not meet this test
and was an unconstitutional limitation of actions.  The applic-
able statute was cited as section 82-4317, R.C.M. 1947:  "Every
claim against a governmental entity permitted under the provisions
of this act shall be forever barred unless an action is begun
within two (2) years after the claim is filed with the govern-
mental entity."

Plaintiff argues that Noll struck down the 120 day re-
quirement but did not affect the requirement that a claim be filed.
He concludes that because the statute of limitation is made oper-
ative on the filing of a claim, an injured party may bring a civil
suit for damages against a governmental entity any time within
two years of filing.  Thus, plaintiff argues, he is clearly with-
in section 82-4317 as the suit was commenced within 8 months of
the filing of the claim with defendants.

If plaintiff's interpretation is correct, the result
would effectively nullify the purpose of any statute of limita-
tions.  There would be no limitation on when the claim could be
filed.  The state or a political subdivision could be sued at any

- 4 -

time in the future at the option of the plaintiff, simply by delaying presentation of a claim against the state or one of its political subdivisions.

Noll strikes down the same requirement as a condition precedent or a limitation on an injured party's right to sue a governmental entity. Until the legislature, by a two-thirds vote of each house provides such a requirement, it is no part of Montana's law. 1972 Montana Constitution, Art. II, §18, amended effective July 1, 1975. The statute of limitation begins to run from the date the cause of action accrues, Cassidy v. Finley (1977), ____Mont.____, 568 P.2d 142, 34 St.Rep. 879, not from the date the claim is filed.

We note that the statute of limitations on actions against governmental units has since been amended to provide for a three-year statute of limitations. Sec. 7, Ch. 360, Laws 1977, codified as section 82-4312.1, R.C.M. 1947, now section 2-9-302 MCA. The statute of limitations on personal injury actions remains at three years. Section 93-2605(3), R.C.M. 1947, now section 27-2-202(3) MCA. This should eliminate such problems in the future.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices