**Harold WALKER, Plaintiff,**

v.

**The ANACONDA COMPANY and Anaconda Copper Company, Defendants.**

**Albert W. HOFBAUER, Plaintiff,**

v.

**The ANACONDA COMPANY and Anaconda Copper Company, Defendants.**

**Frank BEAVIS, Plaintiff,**

v.

**The ANACONDA COMPANY and Anaconda Copper Company, Defendants.**

**Nos. CV 81–6–BU, CV 81–7–BU and CV 81–8–BU.**

United States District Court, D. Montana, Butte Division.

Aug. 28, 1981.

As Amended Sept. 16, 1981.

---

Leonard J. Haxby, Butte, Mont., for plaintiffs.

Patrick J. Brophy, Thomas Gallagher, Denver, Colo., Edward F. Bartlett, Butte, Mont., for defendants.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

The question which arises on the motion of the defendants to dismiss in these consolidated cases is whether the administrative remedy provided for victims of age discrimination by MCA §§ 49–2–501 to 507 (1979) is exclusive.

Prior to 1974, under Montana law an employment for an indefinite period was terminable at the will of either party [1] except that an employee could not be discharged because of an attachment or garnishment of his wages. The exceptions were adopted by 1969 Mont. Laws ch. 245. When, in 1974, the legislature enacted a general anti-discriminatory law, it created new rights for the protected classes. At the same time it provided an administrative remedy.[2] The Human Rights Commission (Commission) was given power to order persons to "refrain from engaging in . . . discriminatory conduct" and to "rectify any harm, pecuniary or otherwise, to the person discriminated against." [3] Commission orders could be enforced by the injunctive powers of the district court. Commission acts were subject to judicial review under the Montana Administrative Procedure Act.[4] *See* MCA § 2–4–702 (1979), embraced in the antidiscrimination act by MCA § 49–2–505(2) (1979).

There is no Montana case law on the subject, but an old rule, and one of almost universal application, is that where "a statute creates a right and prescribes a remedy, the statutory remedy is exclusive." *Decorative Stone Co. v. Building Trades Council,* 23 F.2d 426, 428 (2d Cir. 1928). As to the general application of the rule, see 1 C.J.S. *Actions* pp. 974–75 (1936).

The general rule should be applied here because all of the indications are that the legislature intended the remedies provided by it to be exclusive, and there are no indications to the contrary. Chapter 2 of Title 49 of MCA (1979) is a broad law forbidding discrimination as to sex, race, age, physical or mental handicap, creed, religion, color, or national origin. It affects employment, public accommodations, housing, financing and credit, education, and the state and political subdivisions. It is clear that the purpose of the Act was to eliminate discrimination in multiple respects. To accomplish this, the legislature did not authorize private suits. Rather it chose a method by which a complaint received by the Commission might trigger not only an investigation affecting one plaintiff and his employer but also an investigation affecting many plaintiffs and their employers. The Commission is required to informally eliminate the discriminatory practice "by conference, conciliation, and persuasion," [5] and only if these informal efforts are unsuccessful is the Commission required to file a formal complaint. The Commission is given continuing jurisdiction for a period of three years to assure that there is continuing compliance. A private suit would, of course, "rectify any harm . . . to the person

---

1.  MCA § 39–2–503 (1979).

2.  1974 Mont. Laws ch. 283 § 5.

3.  MCA § 49–2–506(1) and (1)(b) (1979).

4.  MCA §§ 2–4–101 to 711 (1979).

5.  MCA § 49–2–504 (1979).

discriminated against," [6] but it would not reveal the whole picture of discrimination that an inspection of the complaint by the Commission could reveal. The purpose of the private suit is to get damage for an individual and not to eliminate discrimination by "conference, conciliation, and persuasion." If some relief other than a monetary award were to be granted in the private action, it would be a court and not the Commission which would fashion the remedy and supervise its enforcement. All of this leads me to believe that there was no general purpose to enforce the Act by private suits.

Some of the specific language of the Act, while not conclusive, suggests that the legislature was not contemplating private actions. Thus MCA § 49–2–505(2) provides in part that "[t]he hearing and any subsequent proceedings under this chapter must be held in accordance with the Montana Administrative Procedure Act except as provided in 49–2–508." Obviously a trial before a commission, and not before a judge or jury,[7] was contemplated. Under the Act the Commission, not a judge or jury, would resolve conflicts in the evidence. Its judgment would control, if not clearly erroneous, arbitrary, or capricious. The legislature was not unmindful of the courts, as evidenced by its reference to them in MCA §§ 49–2–503 and 508 (1979). I am unwilling to infer that the legislature, which so clearly outlined one remedy, had any intent that another, much different remedy could be employed.

For these reasons I hold that the statutory remedy is exclusive.

The complaint is dismissed with prejudice, and IT IS ORDERED that judgment be entered denying to plaintiffs all relief.

---

6. MCA § 49–2–506(1)(b) (1979).

7. The position of the plaintiffs here is that a jury should be the fact-finder.