694 P.2d 528

**Patsy JARAMILLO, Plaintiff-Appellant,**

v.

**J.C. PENNEY CO., INC.,**
**Defendant-Appellee.**

No. 8001.

Court of Appeals of New Mexico.

Jan. 8, 1985.

Thomas J. Clear, III, Clear & Clear, P.A., Albuquerque, for plaintiff-appellant.

Katherine C. Pearson, Johnson & Lanphere, P.C., Albuquerque, for defendant-appellee.

## OPINION

NEAL, Judge.

Plaintiff filed suit alleging defendant engaged in discriminatory employment practices as defined by NMSA 1978, § 28-1-7(A) (Repl.Pamp.1983), by terminating her employment due to her pregnancy and subsequently failing to rehire her after her recuperation. The defendant filed a motion to dismiss based on plaintiff's failure to allege in her complaint that she filed a grievance with the Human Rights Commission under NMSA 1978, § 28-1-10 (Repl. Pamp.1983). The trial judge granted the motion, and plaintiff appeals from the order of dismissal.

The only issue presented is whether the compliance with the grievance procedure of the Human Rights Act, NMSA 1978 §§ 28-1-1 through -14 (Repl.Pamp.1983) is a prerequisite to suit under the Act. We hold that it is.

Plaintiff contends that the statutory language of Section 28-1-10 does not require the individual to file a complaint with the Human Rights Commission as a prerequisite to suit in District Court. The section states in subdivision A:

> A. Any person claiming to be aggrieved by an unlawful discriminatory practice, and any member of the commission who has reason to believe that discrimination has occurred, may file with the commission a written complaint which shall state the name and address of the person alleged to have engaged in the discriminatory practice, all information relating to the discriminatory practice and any other information that may be required by the commission. All complaints must be filed with the commission within one hundred eighty days after the alleged act was committed.

Plaintiff relies on the wording, "may file * * * a written complaint," stating use of "may" instead of "shall" shows the legislative intent that the procedure not be mandatory. In construing the statute we must ascertain the intent of the legislature. *State v. Chavez*, 77 N.M. 79, 419 P.2d 456 (1966). In doing so we consider the language of the Act as a whole. *State v. Scarborough*, 78 N.M. 132, 429 P.2d 330 (1967). Looking to the general scheme of the Act it can be seen that the Act provides the right, the procedure, and the remedy. The Act defines the prohibited conduct (§ 28-1-7), sets out the grievance procedure (§ 28-1-10), provides for a hearing by

the Human Rights Commission (§ 28–1–11), provides that the attorney general or district attorney secure enforcement of the commission's order (§ 28–1–12); and allows an appeal to the district court from the commission (§ 28–1–13) with a trial de novo. The comprehensive nature of the Act supports the conclusion that the legislature intended that the grievance procedure is mandatory when unlawful discriminatory practices are alleged.

The case law also supports such a conclusion. Generally, where " 'a statute creates a right and prescribes a remedy, the statutory remedy is exclusive.' " *Walker v. Anaconda Co.,* 520 F.Supp. 1143, 1144 (D.Montana, Butte Div.1981), quoting *Decorative Stone Co. v. Building Trades Council,* 23 F.2d 426 (2nd Cir.1928). In *Walker* the court interpreted the Montana discrimination statute to be the exclusive remedy for discrimination. The court looked to the purpose of the act, to eliminate discrimination, and the means by which the purpose is to be accomplished. Rather than provide for private suits, the act prescribes a means similar to that of the New Mexico Act whereby the Human Rights Commission is empowered to remedy the discrimination. In *Curtis v. Continental Illinois National Bank,* 568 F.Supp. 740 (N.D.Ill.1983) the federal court reached the same result regarding the Illinois Act. The court stated that "where there exists a comprehensive legislative scheme, like the Illinois Human Rights Act * * * it would be improper to permit a direct suit which bypasses the procedural plan established by the legislature * * *." 568 F.Supp. at 742. The same result has been reached in federal cases implicating the New Mexico Human Rights Act. In *Harris v. Ericson,* 457 F.2d 765 (10th Cir. 1972), an action under the public accommodation provisions of 42 U.S.C.A. § 2000a–3(a) & (c), the court noted that New Mexico has a state law which prohibits the practice complained of and has created an administrative agency with the duty to attempt to remedy the proscribed practice, and concluded that the state must be given an opportunity to invoke its remedies, therefore, dismissal of the private cause of action was proper because the plaintiff failed to allege that he filed a grievance under the New Mexico Act. *See also Mistretta v. Sandia Corp.,* 639 F.2d 588 (10th Cir.1980).

This court has previously indicated it would reach the same result. Although not specifically reaching the issue, this court found summary judgment proper when the plaintiff failed to follow the administrative grievance procedure of the Act, and stated with disapproval that, "It appears that plaintiff attempted to bypass her administrative remedies altogether and initiate an action for unlawful discriminatory practice in district court." *Dominguez v. Stone,* 97 N.M. 211, 216, 638 P.2d 423, 428 (Ct.App.1981). While stating the summary judgment was proper, the court refused to discuss the propriety of the plaintiff's procedure because it concluded that it lacked subject matter jurisdiction to review actions for unlawful discriminatory practices under Section 28–1–13. That section concerns appeals de novo from the commission to the district court. It states that the judgment of the district court is final, subject to appeal to the supreme court. We believe that section applies only to de novo appeals from a commission decision. Here the administrative procedure was never invoked. The district court action was not an appeal under Section 28–1–13. This court therefore has jurisdiction to affirm the dismissal of the complaint pursuant to NMSA 1978, Section 34–5–8(A)(1) (Cum.Supp.1984), which sets out the jurisdiction of the Court of Appeals.

Affirmed.

IT IS SO ORDERED.

DONNELLY, C.J., and WOOD, J., concur.