MR. JUSTICE MORRISON,
dissenting:
I dissent.
The wording in Section 49-2-509(l)(b), MCA, is ambiguous. Subsection (b) may be read as having one or two conditions. To determine legislative intent we should look to the legislative history of Section 49-2-509, MCA.
Section 49-2-509, MCA, was introduced as House Bill 660 in the 1983 legislative session. Comments submitted by Commission Administrator MacIntyre indicate the bill was intended to provide an alternative forum for a complainant whose case was not being expeditiously investigated and settled by the Commission.
“There are several reasons the Commission has requested the introduction of this legislation. First, many complainants who are represented by counsel from the outset would prefer to pursue their complaints in court rather than at an administrative hearing. Secondly, because of the inadequate funding of the Commission, the number of cases awaiting hearing is large and growing. While the number is not large compared to the number of cases which are resolved by the Commission staff through investigation and conciliation prior to hearing, it does contribute to the Commission backlog. Furthermore, in many cases, damages continue to accrue while cases are awaiting hearing and this seems particularly inequitable to Respondent.
“Because of the fact that the Commission staff is able to resolve more than 90% of the cases filed with it through conciliation and investigation, the Commission believes that all complaints should be filed with the Commission initially. If the Commission staff cannot resolve the complaint within 180 days through conciliation and investigation, the complainant can then exercise the election provided for in this bill.”
Senate Judiciary Committee minutes, March 9, 1983.
The bill was amended to provide both complainant and respondent with the right to request a right to sue letter.
*395 Sections 49-2-509, MCA, establish the administrative remedy for resolving discrimination complaints. The federal district court for the District of Montana found that the legislature intended to create a procedure whereby the Commission would informally eliminate discriminatory practices by conference, conciliation, and persuasion, and that the statutory remedy is exclusive. Walker v. The Anaconda Co. (D.C.Mont.1981) 520 F.Supp. 1143, 38 St.Rep. 1557. I agree with this analysis.
In the present case, the District Court refused to consider evidence that settlement had not been reached due to delay caused by the Foundation. This was error. If a party is permitted to stall its way into district court, the statutory remedy can be rendered meaningless. Pursuant to Section 49-2-504, MCA, the Commission staff shall informally investigate a filed complaint promptly and impartially. This task becomes exceedingly difficult where the respondent refuses to comply with discovery requests.
I would interpret Section 49-2-509(l)(b), MCA, to require a look into the progress of settlement efforts after 180 days have elapsed. The legislative history reveals Section 49-2-509, MCA, was implemented to provide an alternative remedy where administrative delay is preventing resolution of a complaint. In the present case, the district judge should have determined whether the Foundation or the Commission was responsible for the delay.
The Commission’s interpretation of Section 49-2-509(1), MCA, is found at A.R.M 24.9.262:
“(2) The division administrator shall issue the right to sue letter on behalf of the Commission upon receipt of a written request from either party if the administrator determines:
“(a) No contested case hearing has been held in the case;
“(b) 180 days have elapsed since the complaint was filed;
“(c) the efforts of the division to settle the case after informal investigation have been unsuccessful; and
“(d) the Commission will be unable to hold a contested case hearing in the matter within 12 months of the date the complaint was filed.”
The District Court found this rule to be an incorrect interpretation of the statute as it contains four enumerated conditions rather than two, and it allows the division administrator to determine whether settlement efforts have been unsuccessful.
The rule is, in my opinion, proper under the statute. Subsection (c) of the rule does not give the administrator unbridled discretion to *396 extend a case beyond the 12 month time limit for holding a contested case hearing. The Commission has a duty to promptly investigate complaints and immediately try to eliminate discriminatory practices. Neither party should be permitted to circumvent the administrative remedy by using dilatory tactics. The legislative history and time limits contained within the statute support this result.
The District Court should be reversed and the case remanded for further proceedings.