No. 86-94

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

PAM DRINKWALTER,

          Plaintiff and Appellant,

   -vs-

SHIPTON SUPPLY COMPANY, INC.,
a Montana Corporation, d/b/a
SHIPTON'S BIG R, and GREG CARROLL,

          Defendants and Respondents.

_____

APPEAL FROM: District Court of the Thirteenth Judicial District,
            In and for the County of Yellowstone,
            The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Kinnard & Woodward; Dave Kinnard argued, Billings,
        Montana

    For Respondent:

        Moulton, Bellingham, Longo & Mather; W. Anderson
        Forsythe argued for G. Carroll, Billings, Montana

    For Amicus Curiae:

        Janice Frankino Doggett argued for Human Rights
        Commission, Helena, Montana

_____

Submitted: December 2, 1986
Decided: February 23, 1987

Filed: FEB 23 1987

_Ethel M. Harrison_

Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

The District Court of the Thirteenth Judicial District, County of Yellowstone, granted summary judgment January 27, 1986, in favor of defendants, Shipton Supply Company and Greg Carroll. The judgment was premised on plaintiff, Pam Drinkwalter's failure to obtain a right-to-sue letter from the Human Rights Commission prior to filing a civil suit alleging sexual harassment. Pam Drinkwalter appeals.

Pam Drinkwalter was employed by Shipton Supply Company from October of 1980 through July of 1983. Greg Carroll, a son of the president of Shipton Supply Company, was Drinkwalter's supervisor. In early July of 1983, Drinkwalter told Carroll's brother, also a supervisor for Shipton Supply, that she was perturbed by sexual comments and actions directed by Greg Carroll to herself and other individuals. She further stated that if the behavior continued, she would quit her job. The behavior ceased; however, Drinkwalter still terminated her employment with Shipton Supply in mid-July.

Drinkwalter subsequently filed a claim with the State of Montana, Department of Labor and Industry, for unemployment compensation benefits. Drinkwalter alleged that Greg Carroll's crude behavior established sufficient cause to leave her employment. Carroll adamantly disagreed, contending Drinkwalter quit work because her request not to work weekends was denied. The Department of Labor and Industry found in favor of Drinkwalter and granted unemployment compensation benefits.

Thereafter, Drinkwalter contacted new counsel for the purpose of pursuing a civil suit.

The complaint in this action was filed fifteen months after Drinkwalter left her job, October 9, 1984. It is a

multiple-count complaint. Count one alleges acts which constitute sexual harassment. Count two alleges that the acts constituted a breach by defendants of the covenant of good faith and fair dealing in an employment relationship. Count three contends that Shipton Supply Company is liable under a negligence theory for failure to properly investigate, correct and prevent Greg Carroll's behavior. Finally, count four alleges that Greg Carroll's behavior constituted a tortious interference with the contract of employment between Drinkwalter and Shipton Supply.

In their answer, defendants deny most of the allegations in the complaint and present the court with several affirmative defenses.

The parties thereafter prepared to try the case. On October 17, 1985, defendants moved for summary judgment, alleging in pertinent part:

1. Plaintiff's Complaint states a cause of action cognizable under Montana's Human Rights Act, which Act requires a "right to sue" letter be issued by the Human Rights Commission before suit in district court may be brought. No such right to sue letter was ever issued in this matter.

2. Plaintiff's Complaint fails to state a cause of action cognizable under Montana law separate and apart from specific rights and remedies provided in Montana's Human Rights Act.

Following extensive briefing and a hearing on the matter, the trial judge granted defendants' motion for summary judgment. In his memorandum and order, the trial judge found that each of the counts in Drinkwalter's complaint was premised on allegations of sexual harassment and that the sexual harassment was of the type contemplated by the Montana Human Rights Act. He then determined that the Montana Human Rights Act provided the exclusive remedy by which the alleged wrongs could be remedied. Drinkwalter's

3

complaint was "dismissed without prejudice with the understanding that Plaintiff may refile her Complaint within 90 days of obtaining a so-called 'Right to Sue' letter from the Montana Human Rights Commission."

Three issues are raised on appeal:

1. Do the provisions of the Montana Human Rights Act provide the exclusive remedy for claims of sexual harassment in Montana?

2. Do §§ 49-2-501(2) and 49-2-509(2), MCA, prescribe a constitutionally valid 180 day statute of limitations for all claims of sexual harassment in Montana?

3. Did the District Court err in granting defendants' motion for summary judgment in toto?

There appears to be no disagreement among the parties that the actions of Greg Carroll complained of by Pam Drinkwalter, if true, constitute sexual harassment. The controversy arises with respect to the appropriate remedy for the harassment. Defendants contend the Montana Human Rights Act provides the sole and exclusive remedy in sexual harassment suits. We disagree.

Section 49-2-303(1)(a), MCA, of the Montana Human Rights Act, provides:

> Discrimination in employment. (1) It is an unlawful discriminatory practice for:
>
> (a) an employer to refuse employment to a person, to bar him from employment, or to discriminate against him in compensation or in a term, condition, or privilege of employment because of his race, creed, religion, color, or national origin or because of his age, physical or mental handicap, marital status, or sex when the reasonable demands of the position do not require an age, physical or mental handicap, marital status, or sex distinction.

4

Our act is very similar to the Federal Anti-Sex Discrimination statutes. The federal act provides at 42 U.S.C. § 2000e-2(a)(2) that:

It shall be an unlawful employment practice for an employer-

. . .

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

Federal courts have interpreted the term "sexual discrimination" as found in 42 U.S.C. § 2000e-2(a)(2) to encompass sexual harassment. See Barnes v. Costle (D.C. Cir. 1977), 561 F.2d 983 and Bundy v. Jackson (D.C. Cir. 1981), 641 F.2d 934. We view this as a broad interpretation of the term "sex discrimination," explained, perhaps, by the absence of federal common law. Traditional remedies for sexual harassment are rooted in common law. Since there is no federal common law remedy for sexual harassment, it is defined and treated as sexual discrimination.

Such is not the situation in Montana. Our 1972 Constitution provides in article II, § 4 that:

The dignity of the human being is inviolable. No person shall be denied the equal protection of the laws. Neither the state nor any person, firm, corporation, or institution shall discriminate against any person in the exercise of his civil or political rights on account of race, color, sex, culture, social origin or condition, or political or religious ideas.

In addition, there are several common law causes of action under which sexual harassment in the work place may be prosecuted. This Court has recognized a cause of action for a discharge from employment which violates public policy.

Dare v. Montana Petroleum Marketing Co. (Mont. 1984), 687 P.2d 1015, 41 St.Rep. 1735; Nye v. Department of Livestock (1982), 196 Mont. 222, 639 P.2d 498. Sexual harassment is against public policy. Holien v. Sears, Roebuck and Co. (Or. 1984), 689 P.2d 1292; Chamberlin v. 101 Realty, Inc. (D.N.H. 1985), 626 F.Supp. 865. It also violates public policy embodied in Montana's Constitution and various anti-discrimination statutes. See §§ 49-1-101 and -102, MCA.

Montana law also recognizes a cause of action for breach of an employment contract's implied covenant of good faith and fair dealing. Crenshaw v. Bozeman Deaconess Hospital (Mont. 1984), 693 P.2d 487, 41 St.Rep. 2251; Gates v. Life of Montana Insurance Co. (1982), 196 Mont. 178, 638 P.2d 1063. Good faith and fair dealing preclude sexual harassment. Although the final determination rests with the fact finder, sexual harassment, as alleged by Pam Drinkwalter, can result in breach of the implied covenant of good faith and fair dealing.

In her complaint, Pam Drinkwalter also alleges tortious interference with her employment contract and negligent employee supervision by Shipton Supply. We need not determine the merits of these charges at this time. It is sufficient for us to hold only that the facts alleged by Pam Drinkwalter could support common law theories rooted in tort law distinct from and in addition to sexual discrimination charges covered by Montana's Human Rights Act. To hold otherwise would result in the elimination of established common law causes of action. Absent a clear indication of the legislature's intent to abrogate existing common law remedies, we must construe new statutory remedies as existing in addition to, rather than instead of, the common law remedies.

> As a general rule, if a statute which provides for a new remedy shows no intention to negate, either expressly or by necessary implication, a pre-existing common law remedy, the new remedy will be regarded as merely cumulative, rather than exclusive, with the result that a plaintiff may resort to either the pre-existing remedy or the new remedy. (Citations omitted.)

Brown v. Transcon Lines (Or. 1978), 588 P.2d 1087 at 1093.

Further, claimants would be forced to pursue administrative remedies for wrongs traditionally righted within the judicial system. The courthouse would be closed to individuals against whom a tort had been committed, thus contravening our constitutional right of access to the courts found in art. II, § 16 of the 1972 Montana Constitution. Our citizens' right to a trial by jury under art. II, § 26 of the 1972 Montana Constitution, would be abridged as well.

If we were to decide the Human Rights Act provides the sole and exclusive remedy for all claims arising out of sexual harassment, we would also be imposing the 180 day statute of limitation found in § 49-2-501(2), MCA, on every possible remedy. Under our decision in Noll v. City of Bozeman (1975), 166 Mont. 504, 534 P.2d 880, such a short period of limitation would be invalid. We are to strive, if at all possible, to construe a statute in a constitutional manner. All doubts with respect to statutory interpretation must be resolved in favor of constitutional validity. Noll, 166 Mont. at 507, 534 P.2d at 881. We therefore find the imposition of the 180 day statute of limitations to be further proof of the legislature's intent that the Human Rights Act not be the sole remedy for acts which also give rise to a cause of action independent of the statute.

If Montana common law failed to provide a remedy for the tort of sexual harassment, we would not hesitate to include sexual harassment as a form of sex discrimination covered by

7

the Human Rights Act.    However, because there are other remedies available to sexual harassment victims, we see no reason to construe the Human Rights Act so broadly.    Instead, we adopt a more narrow construction of the Act and find that it does not provide the sole and exclusive remedy for sexual harassment.

The trial court's order granting Shipton's motion for summary judgment and requiring that Pam Drinkwalter obtain a right-to-sue letter is reversed.    We remand for further proceedings.

Justice

We concur:

Chief Justice

Justices

Mr. Justice L. C. Gulbrandson, dissenting.

I respectfully dissent. I dissent specifically from those parts of the majority decision which, (1) reverse the grant of summary judgment as to count I which alleges sexual harassment, and (2) appear to hold that if the Human Rights Act were the exclusive remedy for sexual harassment on the job, then the Act's 180 day statute of limitation would be unconstitutional. I express no opinion as to the majority's reversal of summary judgment as to counts II, III, & IV of the complaint.

Count I of the complaint accuses the defendant of severely sexually harassing the plaintiff. The District Court correctly granted summary judgment to the defendant as to this count because the plaintiff failed to comply with the provisions of Montana's Human Rights Act. The Act provides the remedy in Montana for sexual discrimination in the workplace.

The majority is unclear as to whether sexual <u>harassment</u> is sexual <u>discrimination</u> under the Act. At one point, the majority states:

> If Montana common law failed to provide a remedy for the tort of sexual harassment, we would not hesitate to include sexual harassment as a form of sex discrimination covered by the Human Rights Act. However, because there are other remedies available to sexual harassment victims, we see no reason to construe the Human Rights Act so broadly.

This passage clearly seems to say that sexual <u>harassment</u> is not <u>sexual discrimination</u> under the Act. However the very next sentence in the majority opinion states,

> Instead, we adopt a more narrow construction of the Act and find that it

9

> does not provide the sole and exclusive
> remedy for sexual harassment.

This sentence clearly seems to say that sexual harassment <u>can</u> be sexual discrimination under the Act.

The best view is that sexual harassment can be, and in this case is, sexual discrimination under the Act. Here, plaintiff's supervisor allegedly discriminated against her on the basis of sex by sexually harassing her (comments, gestures, comparisons and touching) when he would not have done so to a male employee. As pointed out by the majority, federal courts hold that sexual harassment is sexual discrimination. "The Montana Human Rights Act, Title 49, MCA, is closely modeled after Title VII [of the Federal Civil Rights Act of 1964, 42 U.S.C. section 2000e et seq.], and reference to pertinent federal case law is both useful and appropriate." Snell v. Montana Dakota Utilities Co. (1982), 198 Mont. 56, 62, 643 P.2d 841, 844. Both common sense and federal precedents require a holding that sexual harassment is sexual discrimination.

Given that sexual harassment is sexual discrimination under the Act, the exclusive remedy for that harassment (count I of the complaint) is provided by the Act. There is no common law remedy for sexual harassment, in and of itself, in Montana. The majority cites no case law establishing such a remedy.

The remedy in Montana for sexual harassment, in and of itself (as alleged in count I), is statutory under the Human Rights Act. Section 49-2-506, MCA, gives the Human Rights Commission broad powers to provide relief for discrimination. The Commission may "require any reasonable measure to correct the discriminatory practice and to rectify any harm. pecuniary or otherwise, to the person discriminated against . . . " The Act requires a person complaining of

10

discrimination to first file a complaint with the Commission. Under § 49-2-509, MCA, the Commission can issue a letter entitling the complainant to proceed in district court if certain prerequisites are met. This is the "right to sue" letter.

In Walker v. Anaconda Co. (D.Ct.Mont. 1981), 520 F.Supp. 1143, upheld on appeal without opinion, 698 F.2d 1228, Judge Russell Smith addressed the exclusive nature of the remedy provided by the Act. The Walker court dismissed an age discrimination in employment action because the plaintiff failed to proceed under the Act. The court stated:

> There is no Montana case law on the subject, but an old rule, and one of almost universal application, is that where "a statute creates a right and prescribes a remedy, the statutory remedy is exclusive. (Citations omitted.)

Walker, 520 F.Supp at 1144. The court explained,

> The general rule [cited immediately above] should be applied here because all of the indications are that the legislature intended the remedies provided by it to be exclusive, and there are no indications to the contrary . . . It is clear that the purpose of the act was to eliminate discrimination in multiple respects. To accomplish this, the legislature did not authorize private suits.

Walker, 520 F.Supp at 1144. A New Mexico court also held, relying on Walker, that compliance with the grievance procedure in the New Mexico Human Rights Act was a prerequisite to suit under the Act. See, Jaramillo v. J.C. Penny Co., Inc. (N.M.App. 1985), 694 P.2d 528. In my opinion, the Walker decision states the correct rule.

One final point made in Walker calls for elaboration. The legislative history of the Act indicates that the

11

legislature intended the remedy under the Act to be exclusive. There is no indication that the legislature intended that a plaintiff could bypass the Act and file a discrimination complaint directly in district court.

The majority appears to hold that if the Human Rights Act were the exclusive remedy for sexual harassment in employment, then the Act's 180 day statute of limitations would be invalid. The majority states that under Noll v. City of Bozeman (1975), 166 Mont. 504, 534 P.2d 880, such a short period of limitation is invalid. The majority's reliance appears to be misplaced. In Noll, the court addressed a statutory provision which prohibited allowing any claim against a governmental entity unless the claim had been presented and filed with the Secretary of State within 120 days. This Court found that the provision violated a state constitutional provision abolishing the concept of sovereign immunity. The Noll holding was not predicated upon the length of the 120 day limit. The basis of the holding was that there was already a statute of limitations for the type of suit involved and the challenged provision created an additional condition precedent (filing with the Secretary of State within 120 days). The decision is not predicated upon the length of the period. Indeed, the Noll court specifically conceded that statutes of limitations are within the power of the legislature to enact. The challenged statute in Noll was struck down for imposing a prerequisite in addition to the statute of limitations.

In Eagle Communications v. Treas. of Flathead Cty. (Mont. 1984), 685 P.2d 912, 917, 41 St.Rep. 1303, 1309, this Court stated the rule which controls this issue, i.e.,

> "The rule is well settled in this country that whenever a statute grants a right which did not exist at common law, and prescribes the time within which the

12

right must be exercised, the limitation thus imposed does not affect the remedy merely, but is of the essence of the right itself, and one who seeks to enforce such right must show affirmatively that he has brought his action within the time fixed by the statute; and if he fails in this regard, he fails to disclose any right to relief under the statute." (Citation omitted.)

In my opinion, the stated 180 day time limit is valid.

_____
Justice