MR. JUSTICE GULBRANDSON,
dissenting:
I respectfully dissent. I dissent specifically from those parts of the majority decision which, (1) reverse the grant of summary judgment as to count I which alleges sexual harassment, and (2) appear to hold that if the Human Rights Act were the exclusive remedy for sexual harassment on the job, then the Act’s 180 day statute of limitation would be unconstitutional. I express no opinion as to the majority’s reversal of summary judgment as to counts II, III, & IV of the complaint.
Count I of the complaint accuses the defendant of severely sexually harassing the plaintiff. The District Court correctly granted sum *386 mary judgment to the defendant as to this count because the plaintiff failed to comply with the provisions of Montana’s Human Rights Act. The Act provides the remedy in Montana for sexual discrimination in the workplace.
The majority is unclear as to whether sexual harassment is sexual discrimination under the Act. At one point, the majority states:
“If Montana common law failed to provide a remedy for the tort of sexual harassment, we would not hesitate to include sexual harassment as a form of sex discrimination covered by the Human Rights Act. However, because there are other remedies available to sexual harassment victims, we see no reason to construe the Human Rights Act so broadly.”
This passage clearly seems to say that sexual harassment is not sexual discrimination under the Act. However the very next sentence in the majority opinion states,
“Instead, we adopt a more narrow construction of the Act and find that it does not provide the sole and exclusive remedy for sexual harassment.”
This sentence clearly seems to say that sexual harassment can be sexual discrimination under the Act.
The best view is that sexual harassment can be, and in this case is, sexual discrimination under the Act. Here, plaintiffs supervisor allegedly discriminated against her on the basis of sex by sexually harassing her (comments, gestures, comparisons and touching) when he would not have done so to a male employee. As pointed out by the majority, federal courts hold that sexual harassment is sexual discrimination. “The Montana Human Rights Act, Title 49, MCA, is closely modeled after Title VII [of the Federal Civil Rights Act of. 1964, 42 U.S.C. section 2000e et seq.], and reference to pertinent federal case law is both useful and appropriate.” Snell v. Montana Dakota Utilities Co. (1982), 198 Mont. 56, 62, 643 P.2d 841, 844. Both common sense .and federal precedents require a holding that sexual harassment is sexual discrimination:
Given that sexual harassment is sexual ■ discrimination under the Act, the exclusive remedy for that harassment (Count I of the complaint) is provided by the Act. There is no common law remedy for sexual harassment, in and of itself, in Montana. The majority cites no case law establishing such a remedy.
The remedy in Montana for sexual harassment, in and of itself (as alleged in count I), is statutory under the Human Rights Act. Section 49-2-506, MCA, gives the Human Rights Commission broad *387 powers to provide relief for discrimination. The Commission may “require any reasonable measure to correct the discriminatory practice and to rectify any harm, pecuniary or otherwise, to the person discriminated against. . . “ The Act requires a person complaining of discrimination to first file a complaint with the Commission. Under Section 49-2-509, MCA, the Commission can issue a letter entitling the complainant to proceed in district court if certain prerequisites are met. This is the “right to sue” letter.
In Walker v. Anaconda Co. (D.C. Mont. 1981), 520 F.Supp. 1143, upheld on appeal without opinion, 698 F.2d 1228, Judge Russell Smith addressed the exclusive nature of the remedy provided by the Act. The Walker court dismissed an age discrimination in employment action because the plaintiff failed to proceed under the Act. The court stated:
“There is no Montana case law on the subject, but an old rule, and one of almost universal application, is that where ‘a statute creates a right and prescribes a remedy, the statutory remedy is exclusive.’ ” (Citations omitted.)
Walker, 520 F.Supp. at 1144. The court explained,
“The general rule [cited immediately above] should be applied here because all of the indications are that the legislature intended the remedies provided by it to be exclusive, and there are no indications to the contrary ... It is clear that the purpose of the act was to eliminate discrimination in multiple respects. To accomplish this, the legislature did not authorize private suits.”
Walker, 520 F.Supp. at 1144. A New Mexico court also held, relying on Walker, that compliance with the grievance procedure in the New Mexico Human Rights Act was a prerequisite to suit under the Act. See, Jaramillo v. J.C. Penney Co., Inc. (App. 1985), 102 N.M. 272, 694 P.2d 528. In my opinion, the Walker decision states the correct rule.
One final point made in Walker calls for elaboration. The legislative history of the Act indicates that the legislature intended the remedy under the Act to be exclusive. There is no indication that the legislature intended that a plaintiff could bypass the Act and file a discrimination complaint directly in district court.
The majority appears to hold that if the Human Rights Act were the exclusive remedy for sexual harassment in employment, then the Act’s 180 day statute of limitations would be invalid. The majority states that undef Noll v. City of Bozeman (1975), 166 Mont. 504, 534 P.2d 880, such a short period of limitation is invalid. The major *388 ity’s reliance appears to be misplaced. In Noll, the court addressed a statutory provision which prohibited allowing any claim against a governmental entity unless the claim had been presented and filed with the Secretary of State within 120 days. This Court found that the provision violated a state constitutional provision abolishing the concept of sovereign immunity. The Noll holding was not predicated upon the length of the 120 day limit. The basis of the holding was that there was already a statute of limitations for the type of suit involved and the challenged provision created an additional condition precedent (filing with the Secretary of State within 120 days). The decision is not predicated upon the length of the period. Indeed, the Noll court specifically conceded that statutes of limitations are within the power of the legislature to enact. The challenged statute in Noll was struck down for imposing a prerequisite in addition to the statute of limitations.
In Eagle Communications v. Treas. of Flathead Cty. (Mont. 1984), [211 Mont. 195,] 685 P.2d 912, 917, 41 St.Rep. 1303, 1309, this Court stated the rule which controls this issue, i.e.,
“The rule is well settled in this country that whenever a statute grants a right which did not exist at common law, and prescribes the time within which the right must be exercised, the limitation thus imposed does not affect the remedy merely, but is of the essence of the right itself, and one who seeks to enforce such right must show affirmatively that he has brought his action within the time fixed by the statute; and if he fails in this regard, he fails to disclose any right to relief under the statute.” (Citation omitted.)
In my opinion, the stated 180 day time limit is valid.