**Jean A. LaFRINIERE, Plaintiff,**

v.

**GROUP W CABLE, INC., and Westinghouse Electric Corporation, Defendants.**

**No. CV 85–172–M–RES.**

United States District Court,
D. Montana,
Missoula Division.

Oct. 5, 1987.

John D. Greef, Recht & Greef, Hamilton, Mont., for plaintiff.

Jeanne M. Bender, Holland & Hart, Billings, Mont., for defendants.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

### I.

Summary judgment is granted as to Count I.

In Count I, plaintiff complains that she had been employed by Group W Cable and its predecessors, for seventeen years, and had been promoted to the position of office manager of the Missoula office. On June 10, 1983, she was, without notice, demoted and assigned to Hamilton, Montana. The deposition shows that she was given the title of customer service representative, and that she suffered no cut in pay, and has been steadily employed ever since. By way of conclusion, it is alleged that the demotion was wrongful, and was done with malice. Despite these conclusions, there was no tort unless the demotion itself was a tort.

It is my opinion that under Montana law, an employee has no cause of action for wrongful demotion. The Montana Supreme Court has held that a covenant of good faith and fair dealing is implied in employment contracts, the breach of which makes an employer liable in tort. *See Gates v. Life of Mont. Ins. Co.*, 196 Mont. 178, 638 P.2d 1063 (1982); *Dare v. Mont.*

*Petroleum Mktg. Co.*, — Mont. —, 687 P.2d 1015 (1984); *Crenshaw v. Bozeman Deaconess Hosp.*, — Mont. —, 693 P.2d 487 (1984). The supreme court had applied that doctrine in cases of termination. It has been an employer's right to allocate the titles and duties of an employee. Plaintiff would subject that right to some kind of an implied covenant of fairness to be determined after the event by a judge or jury. I would not extend the fairness doctrine beyond the place that the supreme court has taken it.

### II.

Summary judgment is granted as to Count II.

Count II incorporates the allegations of Count I and then alleges that plaintiff was the victim of age discrimination under Montana law. In Montana, the Human Rights Act, Title 49, Chapter 2, of the Montana Code, is the exclusive remedy for victims of age discrimination. (Mont.Code Ann. §§ 49-2-101 to 601 (1987)). *Walker v. Anaconda Co.*, 520 F.Supp. 1143 (D.Mont. 1981), *aff'd* 698 F.2d 1228 (9th Cir.1982); *Brodie v. Group W Cable, Inc.*, No. CV 85-81-M (D.Mont. March 4, 1986).

Mont.Code Ann. § 49-2-501(2) requires that complaints be filed with the Human Rights Commission within 180 days after the act of discrimination. The act of discrimination in this case occurred on June 10, 1983, and the complaint was not filed until December 19, 1983, some hundred and ninety-two days later. The complaint was not timely filed and by express provision of Mont.Code Ann. § 49-2-501(2)(c) (1987) may not be considered.

Mont.Code Ann. § 49-2-509(1) provides:

The commission staff shall, at the request of either party, issue a letter entitling the complainant to file a discrimination action in district court.

No such letter was ever issued in this case. I think it was the legislative intent that the issuance of a right-to-sue letter is a condition precedent to suit. *See Brodie v. Group W Cable, Inc., supra*, at 3.

### III.

Summary judgment is granted as to Count III.

 In Count III, plaintiff alleges that, by demoting her, Group W Cable interfered with "Plaintiff's future vesting of and receipt of retirement benefits." Plaintiff does not, in her complaint, specify what benefits she was entitled to, but it does appear from answers to interrogatories that Group W Cable had a pension plan in which benefits were computed on the basis of earnings and years of service. Plaintiff still retains her pension rights. Although her pay was not cut, and she has received raises, plaintiff contends that the raises are not equal to those which she would have enjoyed had she remained in management; and that, hence, her pension benefits will be less.

The Act forbids age discrimination, and it would be discriminatory under the Act to demote an employee and cut her pay. *See EEOC v. Community Unit School Dist. No. 9*, 642 F.Supp. 902 (S.D.Ill.1986). There is no evidence here, statistical or otherwise, that the salaries were not fixed in the discretion of the employer. Whether, in view of the condition of the company, its competition, its profitability, the plaintiff's continued performance judged against the performance of others and her adaptability to changing conditions in the business, plaintiff would have received raises and in what amount, in my opinion, is purely speculative. *See Stensvad v. Miners and Merchants Bank*, 196 Mont. 193, 640 P.2d 1303 (1982).

### IV.

### MOTION TO AMEND

Plaintiff asks leave to amend her complaint by adding a claim for age discrimination under the federal law 29 U.S.C. § 626. It does not appear from the complaint that the statute of limitations has run (29 U.S.C. § 255). The complaint does allege that the plaintiff is within the protected age group; that she was demoted and that a younger person was picked to replace her. It is a question for the jury whether she was demoted because of her age. The court has held that her claim that the demotion interfered with her retirement rights is too speculative, but since her damages under the law are not confined to actual damages, plaintiff may have a claim.[1]

The proposed complaint does not allege that a charge was filed with the Equal Employment Opportunity Commission. The proposed complaint does not state a cause of action. 29 U.S.C. § 626(d)(2). However, it does appear from the motion to amend the complaint that a charge was filed. Under these circumstances, I think that an amendment should be allowed.

Plaintiff shall have 10 days within which to file an amended complaint alleging a violation of 29 U.S.C. § 621, *et seq.*

Defendant shall have 20 days to further plead.

---

1. *Kelly v. American Standard, Inc.*, 640 F.2d 974    (9th Cir.1981).