CALDWELL (AMELIA v.). See Case No. 278.

CALDWELL (BREWER v.). See Cases Nos. 1,848 and 1,849.

CALDWELL (FIRST NAT. BANK v.). See Case No. 4,798.

## Case No. 2,301.

### CALDWELL v. HARDING et al.

[5 Blatchf. 501.][1]

Circuit Court, S. D. New York. Oct. 15, 1867.

ACTION AGAINST ADMINISTRATOR APPOINTED IN ANOTHER STATE.

1. No action can be maintained against an executor or administrator, founded on a debt due from the estate of the deceased, unless he has been duly qualified by a probate tribunal in the state or county where the suit is brought.

[Cited in Bartlett v. Rogers, Case No. 1,079.]

[See note to Case No. 2,042.]

2. An action at law will not lie in this court, against an administrator appointed by a probate court in Massachusetts, but who had never taken out letters of administration in New York, to recover a debt due from the deceased to the plaintiff.

This was an action at law, to recover a debt due to the plaintiff [John W. Caldwell] from John Payne, deceased. The defendants [David J. Harding and Ziba Nickerson] had been appointed administrators of Payne, by a court of probate in Massachusetts, and had never taken out letters of administration in New York. The case was tried by the court without a jury.

Edward D. McCarthy, for plaintiff.
Charles F. Blake, for defendants.

SHIPMAN, District Judge. No action can be maintained against an executor or administrator, founded on a debt due from the estate of the deceased, unless he has been duly qualified by a probate tribunal in the state and county where the suit is brought. Vaughan v. Northup, 15 Pet. [40 U. S.] 1, 6; Story, Confl. Laws, § 513; Williams v. Storrs, 6 Johns. Ch. 353; Kerr v. Moon, 9 Wheat. [22 U. S.] 565; Peale v. Phipps, 14 How. [55 U. S.] 368. The facts in this case are a complete answer to any suit against the defendants in the character in which they are sued, founded on the cause of action here involved, and are, therefore, a bar to this suit.

There must be a judgment for the defendants, but without costs.

[NOTE. The plaintiffs subsequently brought another action in the district of Massachusetts, where they recovered a judgment. See Case No. 2,302.]