No. 13543

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

_____

KEN CASSIDY,

Plaintiff and Appellant,

-vs-

GLENN FINLEY and WRIGHT W.
HAGERTY,

Defendants and Respondents.

_____

Appeal from:  District Court of the Ninth Judicial District,
              Honorable Nat Allen, Judge presiding.

Counsel of Record:

    For Appellant:

        Moses, Tolliver and Wright, Billings, Montana
        R. Allen Beck argued, Billings, Montana

    For Respondents:

        Gough, Booth, Shanahan and Joynson, Helena, Montana
        Ronald Waterman argued, Helena, Montana

_____

                            Submitted:  June 13, 1977

                          Decided AUG 1 7 1977

Filed: AUG 1 7 1977


_____
                Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiff Ken Cassidy seeks to recover damages from defendants Glenn Finley and Wright W. Hagerty for alleged negligence, arising from an incident which occurred February 8, 1970. The action was initially filed in the district court, Glacier County, on August 8, 1973. On April 8, 1976, plaintiff moved for and was granted leave to amend his complaint. Thereafter, upon motion of defendant Finley and following written and oral arguments, the district court issued an order granting summary judgment to defendant Finley. Plaintiff appeals.

On February 8, 1970, plaintiff entered the Babb Bar in Babb, Montana. The bar was owned and operated by a partnership consisting of defendants Finley and Hagerty. An altercation occurred between plaintiff and the bartender, Arnold "Red" Savage. Savage subseqently drew a .22 caliber pistol from behind the bar and fired into plaintiff's face, causing injuries.

On January 22, 1973, plaintiff commenced an action in the United States District Court for the District of Montana, Great Falls Division, seeking damages for intentional assault. The action was brought against defendant Finley alone. Plaintiff therein alleged:

> "That Red Savage in response to the argument
> aimed a .22 caliber pistol from behind the bar
> where it was kept and he did then and there
> without warning, fire the same into the face
> of the plaintiff, causing him severe and pain-
> ful injuries."

On June 21, 1974, the United States District Court ordered dismissal of the cause for lack of federal jurisdiction.

During pendency of the federal action plaintiff on August 8, 1973 filed the present action in state court; wherein plaintiff elected to sue both Finley and his business partner, Hagerty. The pleadings in the present case allege a cause of action in negligence, rather than intentional assault:

-2-

" * * * That Red Savage, in response to the
argument, seized a .22 caliber pistol from
behind the bar where it was kept and he did
then and there accidentally discharge the same
into the face of plaintiff causing him severe
and painful injuries.

" * * *

"Plaintiff alleges that the direct and proximate
cause of the injury was negligence on the part
of the employee * * * ." (Emphasis added.)

No service of process was ever obtained upon defendant Hagerty. He

has made no appearance in this action.

The amended complaint, filed April 8, 1976, also is grounded

in negligence, and alleges additional counts of negligent conduct.

On April 27, 1976, defendant Finley filed a motion to dismiss the

amended complaint on the ground the statute of limitations had ex-

pired. The issue was fully briefed by both parties. The district

court, on June 25, 1976, ordered summary judgment in favor of defend-

ant Finley, treating the motion to dismiss as one for summary judg-

ment. Plaintiff appeals from that order.

The issues presented on appeal are:

1. Whether plaintiff's cause of action originally instituted

in federal court was "renewed" by the provisions of section 93-2708,

R.C.M. 1947, thus preventing the running of the statute of limitations

against the subsequent action in state court.

2. Whether the filing of the second cause of action in

state court, prior to the termination of the first cause of action,

defeats the operation of the renewal statute.

Plaintiff argues the statute of limitations does not bar

the present action because an action on the same matter, having the

same set of operative facts, was instituted in federal court prior

to the running of the statute. It is argued section 93-2708, applies

and that the original federal action was "renewed" in state court,

thus effectively preventing the operation of the three year statute

of limitations applicable to actions for negligence. Section 93-2708

provides:

> "If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal, without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action for the same cause, after the expiration of the time so limited, and within one year after such a reversal or termination."

We note here that plaintiff's original complaint filed in federal court was plainly phrased in terms of an intentional tort. The applicable statute of limitations is section 93-2606, R.C.M. 1947, it provides:

> "Within two years:
>
> " * * *
>
> "3.  An action for * * * assault * * *."

A statute of limitations commences to run from the time the cause of action accrues to the plaintiff. Stagg v. Stagg, 90 Mont. 180, 300 P. 539. Any cause of action existing in this case, whether based upon intentional or negligent conduct, accrued to plaintiff on February 8, 1970, the date of injury. The two year statute of limitations had clearly expired, prior to institution of the federal action on January 22, 1973.

The primary prerequisite to the applicability of section 93-2708, the "renewal" statute, is that the original action be "commenced within the time limited therefor." Here, the prerequisite was not met, for the original action was not timely filed. Hence, there was nothing to be renewed under section 93-2708. While the federal court dismissed the action for lack of jurisdiction, it certainly could also have done so on the ground the statute of limitations had run.

We agree with plaintiff's argument that section 93-2708 would permit renewal in Montana district courts of actions filed

-4-

in federal courts within the proper time limitations, but subsequently dismissed for lack of jurisdiction. Johnson v. United States, 68 F.2d 588 (9th Cir., Mont.); Gilmore v. Gilmore, 270 F. 260 (D.C. Mont.). See: Anno. 6 ALR3d, 1043. This principle is representative of the majority position. However, the rule is inapplicable where, as here, the initial federal action is not timely filed.

The present cause of action, in negligence, must stand or fall without regard to the renewal statute. The negligence action is not the same action filed in the federal court. The set of/facts operative in the present action differs greatly from that of the prior federal action. Alleged negligent conduct is simply not the equivalent of an intentional assault.

We find the present cause of action is also barred by the statute of limitations. Applicable to negligence actions is section 93-2605, R.C.M. 1947, which provides:

> "Within three years:
>
> " * * *
>
> "3. An action upon an obligation or liability not founded upon an instrument in writing, other than a contract, account or promise."

As pointed out, the tort, if any, accrued on February 8, 1970. The present negligence action was filed on August 8, 1973, well past the three year limitation. This Court has often stated one of the objects of a true statute of limitations is to prevent potential plaintiffs from sitting on their rights, and to suppress stale claims after the facts concerning them have become obscured by lapse of time, defective memory, or death or removal of witnesses. Noll v. City of Bozeman, 166 Mont. 504, 534 P.2d 880.

The district court was correct in granting summary judgment to defendant Finley on the ground the action is barred by the statute of limitations. Given this holding, there is no need to resolve the second issue on appeal.

The judgment is affirmed.

_____
Justice

-5-

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-6-