Enid ALLEN, Plaintiff-Appellant,

v.

GREYHOUND LINES, INC., a California corporation, Defendant-Appellee.

No. 79–4698.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 1981.

Decided Sept. 3, 1981.

W. William Leaphart, Helena, Mont., for plaintiff-appellant.

Ronald F. Waterman, Gough, Shanahan, Johnson & Waterman, Helena, Mont., for defendant-appellee.

Before GOODWIN and KENNEDY, Circuit Judges, and WATERS,[*] District Judge.

KENNEDY, Circuit Judge:

This appeal presents two issues pertaining to the construction of a saving clause in Montana's statute of limitations. Neither issue has been addressed by any Montana court. The threshold question for decision is whether the saving statute—an ameliorative rule that tolls the limitation period for up to one year under certain circumstances—applies to those actions commenced outside the State of Montana. We must further determine whether Montana's statute of limitations is incorporated in the proviso to the saving statute and therefore governs the time period within which the original action must be filed. Having resolved both questions in the affirmative, we reverse and remand.

Enid Allen, appellant, was injured on January 27, 1974, while a passenger on a Greyhound bus that was involved in an accident near Pocatello, Idaho. On June 2, 1976, over two years later, she filed suit against Greyhound Lines, Inc. (Greyhound) in a Utah state court. The Utah court determined that, although Allen had resided in Utah for a number of years, her domicile both before and after the accident was Montana. Accordingly, the court refused to apply Utah law (with its concomitant three year statute of limitations), instead opting for the law of Idaho, the state where the accident occurred. Idaho has a two year limitation period for personal injury actions. The state trial court therefore granted Greyhound's motion for summary judgment, holding Allen's suit barred under the Idaho statute of limitations. The judgment was affirmed on appeal by a divided

---

* Honorable Laughlin E. Waters, United States District Judge for the Central District of California, sitting by designation.

Utah Supreme Court. *Allen v. Greyhound Lines, Inc.*, 583 P.2d 613 (Utah 1978).

Allen then filed this action in the federal district court of Montana on December 4, 1978, nearly five years after the accident. Greyhound moved for dismissal, arguing the claim was barred under Montana's three year statute of limitations. Mont.Rev. Codes Ann. § 27-2-204(1) (1978). Allen contends that, because the Utah action was filed within Montana's three year limitation period, her action was saved by the Montana saving statute, Mont.Rev.Codes Ann. § 27-2-407 (1978). That statute provides:

> If an action is commenced within the time limited therefor and a judgment therein is reversed on appeal without awarding a new trial or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff or, if he dies and the cause of action survives, his representative may commence a new action for the same cause after the expiration of the time so limited and within 1 year after such a reversal or termination.

*Id.*

Greyhound counters with two arguments. First, it claims the Montana saving statute covers only those actions filed originally in Montana. Second, it argues that even if the statute applies to actions filed outside the state, those actions must be timely filed under the applicable statute of limitations. Because the Utah suit was barred by the two year Idaho statute of limitations, Greyhound argues the Montana saving statute cannot save Allen's subsequent action.

The district court 476 F.Supp. 244, agreed with Greyhound and granted the dismissal.

Finding the saving statute inapplicable to Allen, the lower court rested its decision solely on Greyhound's first contention—that the statute covers only those actions commenced in Montana—and thus found it unnecessary to address the second issue. This appeal followed.

The first issue confronting us is whether the Montana saving statute applies to actions commenced in a foreign state. Other states with saving statutes are divided over this question: the majority hold their saving statutes inapplicable when the prior action was initiated in another state, *see, e. g., Andrew v. Bendix Corp.*, 452 F.2d 961 (6th Cir. 1971) (Ohio law), *cert. denied*, 406 U.S. 920, 92 S.Ct. 1773, 32 L.Ed.2d 119 (1972); *Riley v. Union Pac. R.R.*, 182 F.2d 765 (10th Cir. 1950) (Wyoming law); *Sigler v. Young-blood Truck Lines, Inc.*, 149 F.Supp. 61 (E.D.Tenn.1957) (Tennessee law); *Sorensen v. The Overland Corp.*, 142 F.Supp. 354 (D.Del.1956) (Delaware law), *aff'd on other grounds*, 242 F.2d 70 (3d Cir. 1957); *High v. Broadnax*, 271 N.C. 313, 156 S.E.2d 282 (1967) (North Carolina law); *Morris v. Wise*, 293 P.2d 547 (Okla.1955) (Oklahoma law); but a significant and growing minority adopt the more liberal interpretation, *see, e. g., Stare v. Pearcy*, 617 F.2d 43 (4th Cir. 1980) (Haynsworth, J.) (West Virginia law); *Abele v. A.L. Dougherty Overseas, Inc.*, 192 F.Supp. 955 (N.D.Ind.1961) (Indiana law); *McCrary v. United States Fidelity & Guar. Co.*, 110 F.Supp. 545 (W.D.S.C. 1953) (Arkansas law); *Leavy v. Saunders*, 319 A.2d 44 (Del.Super.Ct.1974) (Delaware law); *Caldwell v. Harding*, 4 F.Cas. 1036 (C.D.Mass.1869) (No. 2302) (Massachusetts law). Absent Montana authority on the point, we must determine how the Montana Supreme Court would resolve the issue.[1]

---

1. Appellant argues that a federal district court in *Lehtonen v. E. I. DuPont DeNemours & Co.*, 389 F.Supp. 633 (D.Mont.1975) already has implicitly decided the issue. There, plaintiff filed a personal injury action in a New York federal district court within the three year limitation period, but the case was dismissed for failure to procure the issuance of a summons. Plaintiff then refiled in a Montana district court after the limitation period had run, claiming the

Montana saving statute saved it. The court ruled that the saving statute did not toll the limitation period because the dismissal of the first action was due to "neglect to prosecute the action" within the exclusionary provisions of Mont.Rev.Codes Ann. § 27-2-407 (1978).

Appellant argues that the district court by implication ruled that the saving statute applies to actions originally filed outside the state, since it did not expressly hold it inapplicable,

In so proceeding, we are not unmindful of the rule that interpretations of state law by the district judge who sits in that state are entitled to deference. *See Bishop v. Wood,* 426 U.S. 341, 345–47, 96 S.Ct. 2074, 2077–78, 48 L.Ed.2d 684 (1976); *Major v. Arizona State Prison,* 642 F.2d 311, 313 (9th Cir. 1981). As discussed below, however, this principle of law has limited force and utility here, since most of the law analyzed by the Montana judge was that of California.

We turn first to legislative history. In arguing for a liberal construction of the Montana saving statute, appellant cites the California saving statute and its judicial interpretations, claiming that the history behind the enactment of the Montana statute indicates it was patterned after the California law. Appellees do not dispute this point; and the district court appeared to accept the premise in its opinion, for it relied on California law. In the statutory compilations of Montana law, moreover, the "History" annotation to the Montana saving statute specifically adverts to the California provision. It is reasonable to assume that the Montana courts would draw upon the law of California in interpreting its statute.

In California, the courts have construed their state saving statute to include within it those actions commenced in another state that have been reversed on appeal. *Schneider v. Schimmels,* 256 Cal.App.2d 366, 64 Cal.Rptr. 273 (1968); *Nichols v. Canoga Indus.,* 83 Cal.App.3d 956, 148 Cal.Rptr. 459 (1978) (dictum). Appellee acknowledges that the *Schneider* opinion squarely held that the California saving statute applies to suits filed outside the state, but contends that the subsequent California Supreme Court decision in *Wood v. Elling Corp.,* 20 Cal.3d 353, 572 P.2d 755, 142 Cal.Rptr. 696, (1977), significantly limited its scope. The district court below likewise relied on *Wood* in ruling for appellees. As the following analysis indicates, however, the holding of

*Schneider* pertaining to the interstate application of the saving statute is not undermined by the *Wood* decision.

Under the California saving statute, the limitation period is tolled only when the prior suit resulted in a judgment for the plaintiff that has been reversed on appeal. Cal.Civ.Proc.Code § 355 (West 1954). In *Bollinger v. National Fire Ins. Co.,* 25 Cal.2d 399, 154 P.2d 399 (1944), the California Supreme Court ruled that the saving statute applied where the plaintiff was nonsuited in its first action for filing prematurely, even though this did not fit within section 355's literal terms of "a judgment . . . for the plaintiff . . . reversed on appeal." The first suit in *Bollinger* was not filed outside California, nor did the opinion in dictum discuss the applicability of the saving statute to a prior action initiated in another state.

Over thirty years later, the California Supreme Court in *Wood v. Elling Corp.,* 20 Cal.3d 353, 572 P.2d 755, 142 Cal.Rptr. 696 (1977) limited *Bollinger* to its facts, holding that the California saving statute only applied where a judgment for the plaintiff had been reversed on appeal or where, as in *Bollinger,* (1) the trial court erroneously granted a nonsuit, (2) the defendant employed dilatory tactics to prevent disposition of the first action so as to permit timely filing of a second action, and (3) the plaintiff was diligent in pursuing his remedy. *Id.* at 361–62, 572 P.2d at 759. The court thus made it clear that to avoid the literal language of the statute, the plaintiff must demonstrate the existence of those three factors present in *Bollinger.*

In a footnote to the *Wood* decision, the court ruled that *Schneider* was disapproved to the extent it was inconsistent with its holding. *Id.* at 362 n.7, 572 P.2d at 760 n.7. In *Schneider,* the plaintiff filed a personal injury action in Colorado which was first dismissed because the complaint had not been filed within ten days of serving the summons and was later dismissed because

but rather found that the requirements of the statute were not met. This argument is too tenuous to support appellant's position, for the

issue was never raised nor discussed by the court, and it would be speculation to place any reliance on it.

there was no personal jurisdiction over the defendant. Plaintiff then refiled an action in a California superior court beyond the one year statute of limitations, but the court held the action saved by the California saving statute even though the first action was commenced outside the state. *Schneider* is thus inconsistent with the holding in *Wood* to the extent that it went beyond the literal terms of the "judgment . . . for the plaintiff . . . reversed on appeal" language in the saving statute; but it was not inconsistent with *Wood* in respect of the holding that the California saving statute applies to actions initiated out of the state. Neither *Wood*, nor the case it limited, *Bollinger*, involved actions filed in other states. We therefore must presume the California Supreme Court did not, and would not, have reversed the interstate application holding of *Schneider* by disapproving of it in a footnote to the extent that it is inconsistent with a case having nothing to do with actions commenced outside the state.

We conclude that California still construes its saving statute to apply to actions filed out of state, albeit a judgment for plaintiff must be reversed on appeal or the three factors set forth in *Wood* must be present. Since the district court's opinion in this case for the most part interpreted California law, rather than Montana law, it is unnecessary for us to accord that degree of deference typically given to its interpretation of what Montana law would be on this issue.

▮ Apart from drawing upon the law of California to assist us in determining how Montana would construe its saving statute, we must further consider the purposes underlying the statute as well as the practical effect of the alternate interpretations. The saving statute is designed to avoid the harsh forfeiture of plaintiff's rights where the plaintiff diligently and in good faith pursues an action only to have it

dismissed on procedural grounds. *Tietjen v. Heberlein*, 54 Mont. 486, 171 P. 928 (1918). If applicable, the saving provision tolls the statute of limitations, the principal aims of which are to prevent potential plaintiffs from neglecting suits, and to suppress stale and fraudulent claims after the facts concerning them have become obscured by a lapse of time and memory. *Cassidy v. Finley*, 173 Mont. 475, 568 P.2d 142 (1977); *Noll v. City of Bozeman*, 166 Mont. 504, 534 P.2d 880 (1975). In most instances, moreover, courts approach the question of tolling statutes of limitations in a liberal manner. *See, e. g., Burnett v. New York Cent. R.R.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965); *Gaines v. City of New York*, 215 N.Y. 533, 109 N.E. 594 (1915) (Brandeis, J.). *See also Clark v. Oregon Short Line R.R.*, 38 Mont. 177, 99 P. 298 (1909).

As to the majority view, and the one adopted by the district court below, we discern no significant policy to be furthered by interpreting the statute to exclude actions filed outside Montana.[2] Appellee contends the majority position is grounded in the policy of preventing plaintiffs from forum shopping. Permitting parties to institute actions in one state without losing protection of another state's saving statute, it asserts, will increase the volume of litigation generally, and encourage plaintiffs to bring suits in those states with laws favorable to their position. To the extent that forum shopping occurs, however, it is unlikely to be affected significantly by either interpretation of the saving statute. There may be an impact on the margin, but even that is too speculative to assess.

In any event, the policy against forum shopping must be counterbalanced by the more fundamental right of access to the courts. A plaintiff who diligently and in good faith pursues a cause of action in a state which properly has venue, and then

---

2. It is difficult to glean any policy supporting the majority position from the decisional law, since most cases summarily dispose of the issue with little or no discussion. The courts simply have relied for the most part on an early decision in Oklahoma along with an annotation from A.L.R. which cites it. *See Herron v. Miller*, 96 Okl. 59, 220 P. 36 (1923); Annot., 55 A.L.R.2d 1038 (1957).

has his action terminated on procedural grounds (*e. g.*, lack of personal jurisdiction over defendant), may find any subsequent suit barred by another state's statute of limitations. If that state saving statute, which was enacted to alleviate such hard-ships, were held inapplicable, the plaintiff would be denied his day in court.

■ This case illustrates the point clearly. Appellant was diligent in prosecuting her cause of action. Although it was not filed within the limitation period of the state law held applicable (Idaho), she reasonably believed Utah's three year statute of limitations governed. In fact, the question of whether she was domiciled in Utah, which would have enabled Utah law to control, was so close that the Supreme Court of Utah split 3 to 2 on the issue. *See Allen v. Greyhound Lines, Inc.*, 583 P.2d 613 (Utah 1978).[3]

■ No policy underlying the statute of limitations is violated by permitting appellant to proceed in the Montana district court. Appellant did not neglect her rights; nor would appellee be prejudiced by the resumption of this case. Appellee was put on notice two years after the cause of action arose that appellant intended to pursue her legal remedies and it had an adequate opportunity to prepare its defense.[4]

■ Given the policy underlying the Montana saving statute, the purpose behind the statute of limitations, and California's interpretation of its saving provision, we conclude the Montana Supreme Court would find its saving statute applicable to suits filed out of state; and we so hold. Appellant is entitled to the protection of the statute provided she meets fully its other requirements.

This leads to the second issue on this appeal. The statute requires that the first suit be "commenced within the time limited therefor. . . ." Mont.Rev.Codes Ann. § 27–2–407 (1978). Appellee contends this requirement is not fulfilled because the case in the Utah state court was dismissed as untimely filed within Idaho's two year limitation period. We therefore must decide whether the relevant language in the statute quoted above refers to Montana's statute of limitations or the state statute of limitations that governs the first action (in this case, Idaho).

We are again presented with an issue that no Montana court has ruled on.[5] The only other state we have found addressing this precise point is New York. The New York saving statute, which contains the identical language found in the Montana saving statute ("within the time limited therefor"), has been interpreted to incorporate its own statute of limitations rather than a foreign state's limitation period. *De Luca v. Atlantic Refining Co.*, 176 F.2d 421, 422 (2d Cir. 1949) (L. Hand, J.) (alternate holding) (citing *Baker v. Cohn*, 266 App.Div. 236, 41 N.Y.S.2d 765 (1943)), *cert. denied,*

---

3. Appellant, moreover, could have availed herself of the three year limitation period in Montana if she had filed originally in a state or federal district court there. In an instance analogous to the case before us, if appellant had filed first in a Utah federal district court, and venue were determined to be improper, 28 U.S.C. § 1406(a) would have permitted the court to transfer the case to a Montana federal district court even if the statute of limitations had run. *Burnett v. New York Cent. R.R.*, 380 U.S. 424, 430, 85 S.Ct. 1050, 1055, 13 L.Ed.2d 941 (1965); *see United States v. Cave Constr., Inc.*, 250 F.Supp. 873, 874–75 (D.Mont.1966). Appellant should not be penalized for choosing a Utah state court, especially when she did so with the reasonable belief that her suit was timely filed.

4. Similar policy considerations underpin the relation back doctrine embodied in Fed.R.Civ.P. 15(c) in the area of pleading. So long as a party has notice of the claims against it, the statute of limitations will not bar amended pleadings filed outside the limitation period. *See* 3 Moore's Federal Practice ¶ 15.15[3] (2d ed. 1980).

5. Appellee claims the issue was decided by the Supreme Court of Montana in *Cassidy v. Finley*, 173 Mont. 475, 568 P.2d 142 (1977). Appellee's reliance on this case is misplaced, however, because in *Cassidy* the plaintiff's attempt to renew in Montana state court an action initially filed in a Montana federal district court failed because the first action was not filed within Montana's limitation period. Contrary to appellee's contentions, the resolution of this issue is one of first impression under state law.

338 U.S. 943, 70 S.Ct. 423, 94 L.Ed. 581 (1950).

We agree with the New York court that this is the most appropriate construction of a state saving statute, given its underlying objective. The Montana legislature has expressed its interest that plaintiffs shall have the opportunity to file personal injury actions up to three years after their cause of action arose. It is therefore unlikely that the Montana legislature intended the applicability of its saving statute to turn on the limitation period of a foreign state. To do so would frustrate the very interest the saving statute was enacted to protect. We thus hold that Montana's three year statute of limitations applies, and that appellant's suit falls within the scope of the saving statute.

REVERSED and REMANDED.