John W. McCRACKEN and James
Waggoner, Plaintiffs,

v.

CITY OF CHINOOK, MONTANA; Blaine County, Montana; Donald Ranstrom; Scott McKenzie; George Van Deven; Charlie Hay; Chance Houle; Jack Harrington; and Glen Huestis, Defendants.

No. CV–85–189–GF.

United States District Court, D. Montana, Great Falls Division.

Jan. 30, 1987.

John W. McCRACKEN and James
Waggoner, Plaintiffs,

v.

CITY OF CHINOOK, MONTANA; Blaine County, Montana; Donald Ranstrom; Scott McKenzie; George Van Deven; Charlie Hay; Chance Houle; Jack Harrington; and Glen Huestis, Defendants.

No. CV–85–189–GF.

United States District Court, D. Montana, Great Falls Division.

Jan. 30, 1987.

---

Patrick F. Flaherty, Great Falls, Mont., for plaintiffs.

Robert F. James, James, Gray & McCafferty, Great Falls, Mont., for City of Chinook, Ranstrom & McKenzie & Van Deven.

Dennis P. Clarke, Smith, Baillie & Walsh, Great Falls, Mont., for remaining defendants.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

The plaintiffs, former police officers employed by the City of Chinook, Montana, bring the present action to recover monetary compensation for the named defendants' alleged violations of the plaintiffs'

federal constitutional rights, as well as the defendants' violation of the Racketeer Influenced Corrupt Organizations Act ("RICO"), Pub.L. 91–452, Title IX, 84 Stat. 941, as amended, 18 U.S.C. §§ 1961 *et seq.* In addition, the plaintiffs ask the court to exercise pendent jurisdiction over numerous claims for relief founded upon the constitution, statutory law and common law of the State of Montana. The plaintiffs' claims have their genesis in the termination of their employment with the City of Chinook. Plaintiffs invoke the jurisdiction of this court pursuant to 28 U.S.C. § 1343, in conjunction with 42 U.S.C. §§ 1983, 1985 and 1988, as well as 18 U.S.C. § 1964(c).

The action is presently before the court on motion of the defendants requesting the court to dismiss the action upon the ground, *inter alia,* that the plaintiffs' complaint, as amended, fails to state a claim upon which relief can be granted.[1]

## I. PROCEDURAL BACKGROUND

The plaintiffs initially filed their complaint on July 9, 1985. Pursuant to Rule 12, Fed.R.Civ.P., the defendants timely sought dismissal of the complaint upon a myriad of grounds. After the merits of the defendants' motions were addressed by the parties, the court, characterizing the complaint as incomprehensible, dismissed the plaintiffs' complaint for want of jurisdiction. The court, however, afforded the plaintiffs an opportunity to amend their complaint to adequately invoke the jurisdiction of this court.

The plaintiffs have timely filed an amended complaint, which the defendants again attack, upon numerous grounds, the foremost being that the complaint fails to state a claim against the respective defendants upon which relief can be granted.

---

**1.** Assessment of the claims brought by McCracken and Waggoner prompts consideration of the propriety of the joinder of these individuals as plaintiffs under Rule 20, Fed.R.Civ.P. The claims for relief of these individuals cannot be viewed as being predicated upon, or arising out of, a single transaction or series of transactions

or occurrences. Severance of the plaintiffs would ultimately be necessary. This point, however, need not detain the court given the disposition of the defendants' motions to dismiss accomplished by the present memorandum.

The court now addresses the merits of the defendants' motions to dismiss.

## II. DISCUSSION

Repeated and thorough evaluations of the plaintiffs' amended complaint leaves the court with the distinct impression that the plaintiffs have chosen not to avail themselves of the opportunity afforded by the court to state, in cogent and concise terms, the basis of their federal claims against the named defendants. The claim of the plaintiffs which are purportedly founded upon federal law are set forth in what plaintiffs' amended complaint denominates as their first four causes of action. Review of the allegations advanced with respect to each of these claims compels the court to conclude that the plaintiffs have not stated a claim for relief cognizable under federal law. Consequently, the court is compelled to DISMISS the plaintiffs' complaint for relief under federal law without affording them an additional opportunity to amend.

### A. *Civil Rights Claims*

#### (1) *42 U.S.C. Section 1983*

■ Invoking the remedy, provided by 42 U.S.C. § 1983, both McCracken and Waggoner seek remuneration from the defendants for their alleged violation, both individually and in conspiracy, of the rights secured the plaintiffs by the first, fourth, fifth, sixth, eighth and fourteenth amendments to the United States Constitution. As best as can be ascertained from an obfuscated and verbose pleading, the gravamen of both individual's section 1983 claim lies in the assertion that they were deprived of both a "property" interest in continued public employment, and a "liberty" interest in their reputation, without due process of law. While both now allude to numerous other isolated occurrences of conduct on the part of various defendants, which purportedly constituted a violation of the rights secured by one or more of the other amendments listed, neither McCracken nor Waggoner sufficiently pleads the factual predicate upon which these alleged violations are based. Rather, the plaintiffs merely state, in conclusory fashion, that the defendants violated the constitutional proscriptions against double jeopardy, cruel and unusual punishment and infringement of free speech. The court finds the vague allusions offered by the plaintiffs insufficient to state a claim for relief under section 1983. Albeit, the analysis must focus on the plaintiffs' claims that their discharge as police officers served to deny them liberty and property in violation of their substantive and procedural rights to due process of law.

■ A public employee who has a constitutionally protected "property" or "liberty" interest in his employment is entitled to both substantive and procedural due process of law. *Cleveland Bd. of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *Wieman v. Updegraff*, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216 (1952). Whenever an individual who has a "property" or "liberty" interest in public employment is discharged without being afforded the requisite due process, he may vindicate his rights to due process in a section 1983 action. Where the sufficiency of a due process claim in such an action is challenged, the initial inquiry necessarily centers on whether the discharged employee had a "property" or "liberty" interest within the meaning of the Due Process Clause. A discharged employee who fails to establish any "property" or "liberty" interest requiring the protections of due process is simply not entitled to relief under section 1983, since no federal right is implicated. *See, Guy v. Mohave County*, 688 F.2d 1287 (9th Cir.1982), rereported, 701 F.2d 73 (1983); *White v. Thomas*, 660 F.2d 680 (9th Cir.1981), cert. denied, 455 U.S. 1027, 102 S.Ct. 1731, 72 L.Ed.2d 148 (1981). Accordingly, resolution of the motion to dismiss plaintiffs' section 1983 claims in the case at bar entails a determination of whether McCracken and/or Waggoner have adequately alleged a deprivation of a "property" interest in continued employment, or a "liberty" interest in reputation.

### (a) *Property Interest*

█ "Property" interests do not have their genesis in the Constitution, but are created and defined by existing rules or understandings that stem from an independent source such as state law. *Bd. of Regents v. Roth*, 408 U.S. 564, 567, 92 S.Ct., 2701, 2704, 33 L.Ed.2d 548 (1972); *see also, Perry v. Snidermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). Once a property interest is created, however, federal law determines whether that interest rises to the level of a legitimate claim of entitlement, subject to the protections afforded by the Due Process Clause. *See, Loehr v. Ventura County Community College District*, 743 F.2d 1310, 1314 (9th Cir.1984). Property rights subject to the proscription of the Due Process Clause include the legitimate entitlement to continued public employment. *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974).

█ The legitimate entitlement to continued government employment may stem, *inter alia*, from statutes, or regulations, *see e.g., Wilson v. Robinson*, 668 F.2d 380 (8th Cir.1981); as well as contract or promise, *see, e.g., Orloff v. Cleland*, 708 F.2d 372 (9th Cir.1983); *Conley v. Bd. of Trustees of Granada College*, 707 F.2d 175 (5th Cir.1983). At the same time, more than the simple fact of employment is necessary to create a property interest, since it has been held that "at will" employees have no property interest requiring the protection of due process. *See, Ogilbee v. Western Dist. Guidance Center, Inc.*, 658 F.2d 257 (4th Cir.1981); *Perkins v. Board of Directors of School Admin. Dist. No. 13*, 686 F.2d 49 (1st Cir.1982). In that regard, this court has recently held that no property interest in continued employment is created under Montana law on behalf of "at-will" employees. *Clemans v. Beaverhead County*, —— F.Supp. —— CV–85–180–BU (D.Mont. decided May 30, 1986).

█ Review of the amended complaint in the present case reveals that McCracken and Waggoner have failed to plead the basis upon which they claim a property interest in their continued employment with the defendant City of Chinook. Consequently, the court must conclude that they were "at-will" employees. As such they were subject to termination at the will of their employer. Section 39–2–503, Montana Code Annotated (1983); *Crenshaw v. Bozeman Deaconess Hospital*, —— Mont. ——, 693 P.2d 487 (1984). Having failed to plead the existence of a property interest in continued employment with the defendant City of Chinook, the plaintiffs have failed to state a claim for deprivation of a property interest in continued public employment without dueprocess of law, cognizable under section 1983.

### (b) *Liberty Interest*

█ "Liberty" includes rights to reputation when a public employee is discharged with stigmatizing charges made public about him. *See, Bd. of Regents v. Roth*, 408 U.S. at 573, 92 S.Ct. at 2707. The Court of Appeals for the Ninth Circuit has recognized that an individual's interest in liberty is affected, for purposes of requiring procedural due process, only when dismissal imposes "a stigma that seriously damages an individual's ability to take advantage of other employment opportunities." *Gray v. Union County Intermediate Education Dist.*, 520 F.2d 803, 806 (9th Cir.1975). Consequently, to state a claim for deprivation of liberty under section 1983, an aggrieved employee must establish that his discharge was prompted by "stigmatizing" charges that were ultimately disseminated to the public.

The vast majority of the factual allegations contained in the amended complaint deal with certain administrative and criminal proceedings instituted against McCracken. The proceedings emanated from an incident of alleged brutality and evidence tampering on the part of McCracken and a fellow officer in their official capacities. Apparently, after certain third persons filed complaints with the Chinook City Police Commission charging McCracken and a fellow officer with brutality and evidence tampering, an investiga-

tion into the charges was commenced by the City of Chinook. As a result of the investigation, a charge of misconduct was filed, on January 9, 1984, against McCracken at the administrative level by a special prosecutor, *i.e.*, defendant Ranstrom. Felony criminal charges were also filed against McCracken by defendant Ranstrom in his capacity as Blaine County Attorney.

After an administrative hearing was conducted by the Chinook Police Commission, the charges against both McCracken, and his fellow officer, were dismissed, with both men being reinstated to their positions as of March 15, 1984. On May 16, 1984, the pending criminal charges were also dismissed. Sometime after May, 1984, a reorganization of the Chinook Police Department occurred, resulting in McCracken's lay-off. McCracken contends the purported lay-off was a ruse designed to discharge him from his position.

■ As best as can be determined from the amended complaint, McCracken predicates his "liberty" interest upon the "stigma" and "dissemination" associated with the administrative and criminal charges filed against him. In that regard, the court notes that to state a claim for deprivation of liberty under section 1983, the "stigma" and "dissemination" must come from the employer, in this case the City of Chinook. *See, Greene v. McGuire,* 683 F.2d 32 (2d Cir.1982); *Morris v. City of Danville,* 579 F.Supp. 900 (N.D.Va.1984). In that regard, any "stigma" and "dissemination" associated with the institution of felony criminal proceedings against McCracken was attributable to defendant Ranstrom, acting in his capacity as County Attorney of Blaine County, and not McCracken's employer, *i.e.,* the City of Chinook. As such, *the* "stigma" and "dissemination" that may have been associated with those proceedings will not support a claim of "liberty" deprivation.

■ With respect to the administrative proceedings before the Police Commission, the averments set forth in the complaint defy any claim that McCracken was deprived of a "liberty" interest without due process of law. By his own admission, McCracken was afforded a hearing to "clear his name," a hearing which, in fact, resulted in his reinstatement. McCracken does not seriously contend that he was denied a meaningful hearing, which is all that due process of law requires. *See, Bd. of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1974); *see also, Vanelli v. Reynolds School Dist.,* 667 F.2d 773 (9th Cir.1982); *Orloff v. Cleland,* 708 F.2d 372 (9th Cir.1983).

■ As far as his ultimate termination is concerned, McCracken suggests the termination was wrongful, and the result of public pressure placed upon the officials of the City of Chinook. Regardless of what may have prompted McCracken's termination, there is no allegation that any "stigmatizing charge," or public "dissemination" thereof, was associated with the termination. While the circumstances surrounding his termination may provide a sufficient basis upon which to prosecute a claim for wrongful discharge under the pertinent principles of local tort law, absent the essential elements of a "stigmatizing" charge and public "dissemination," the claim does not rise to a level of federal constitutional significance.

■ While plaintiff Waggoner claims the conduct of the defendants served to deprive him of a "liberty" interest, he fails to allege either of the essential elements of such a claim. Waggoner's complaint is void of any reference to stigmatizing charges being brought against him or dissemination of those charges to the public. Rather, Waggoner simply asserts he was discharged by the City of Chinook in retaliation for his support of McCracken. Accordingly, Waggoner's claim for deprivation of a "liberty" interest is fatally defective.

■ As previously noted, the plaintiffs cast their section 1983 claims, not only in terms of individual conduct on the part of the named defendants, but also in terms of a conspiracy amongst the numerous defendants. The plaintiffs' complaint as

amended, however, utterly fails to sufficiently plead a claim of conspiracy. More importantly, any claim of conspiracy to deprive the plaintiffs of their civil rights necessarily fails, given the fatal deficiency of their substantive claims.

#### (2) *42 U.S.C. Section 1985*

■ Plaintiffs make a feeble attempt to plead a cause of action for conspiracy under 42 U.S.C. section 1985, subsections (2) and (3). An allegation of class based animus, however, is an essential requirement of a claim under the second clause of section 1985(2); the only clause of subsection (2) of any pertinence to the case *sub judice*. *Bretz v. Kelman*, 773 F.2d 1026, 1029 (9th Cir.1985); *see also, Bradt v. Smith*, 634 F.2d 796 (5th Cir.1981). Likewise, in asserting a claim under section 1985(3), a plaintiff must allege and prove "some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *see also, Ellis v. Cassidy*, 625 F.2d 227 (9th Cir.1980).

■ The plaintiffs' amended complaint characterizes McCracken as a member of the class of "accused defendants," and Waggoner as a member of that class of people known as "prisoners." The class-based animus necessary to effectively plead a claim under those portions of section 1985 pertinent to this action, however, must be directed at a class traditionally recognized under federal law as "suspect" or "quasi-suspect" for purposes of the Equal Protection Clause, *see, DeSantis v. Pacific Tel. & Tel. Co.*, 608 F.2d 327 (9th Cir.1979), "classes" grounded in immutable characteristics for which the class has no responsibility. *See, Shirey v. Bensalem Township*, 501 F.Supp. 1138 (E.D.Pa.1980). Additionally, a section 1985 claim cannot be sustained where the pleadings fail to show that the action of which the plaintiff complains was directed at any members of the class other than the plaintiff. *Sims v. Jefferson Downs, Inc.*, 611 F.2d 609 (5th Cir. 1980).

■ The plaintiffs' amended complaint utterly fails in both of the foregoing respects. The purported class denominated by both plaintiffs are not a protectable class under those portions of section 1985 pertinent to this action. Equally fatal to the amended complaint is the lack of any allegation that the conduct of which McCracken and Waggoner complain was directed at anyone other than them. There exists no indication from the allegations advanced that their interests were shared by any member of the purported classes upon which they predicate their respective claims.

#### B. *Civil RICO Claims*

RICO provides a private civil action to recover treble damages for injury "by reason of a violation of" its substantive provisions. 18 U.S.C. § 1964(c). Section 1962 sets forth the activities prohibited by RICO. McCracken and Waggoner predicate their private claim upon the defendants' alleged violations of sections 1962(b) and (c). Both subsections (b) and (c) define offenses which apply to persons associated with an enterprise "engaged in, or the activities of which affect interstate or foreign commerce." Consequently, the effect on commerce is an essential jurisdictional element of a RICO violation. *United States v. Barton*, 647 F.2d 224 (9th Cir.1981); *United States v. Rone*, 598 F.2d 564 (9th Cir.1979). While the required nexus to interstate commerce need not be great, it is nonetheless essential. *United States v. Bagnariol*, 665 F.2d 877, 892 (9th Cir.1981).

■ The court is cognizant of the fact that a private civil action under section 1964 does not require defendant's prior conviction of a substantive RICO violation. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). Nonetheless, to state a claim for damages under section 1964, the plaintiff must allege facts which establish, *inter alia*, that the enterprise engaged in a pattern of racketeering which affected interstate commerce. *See, Sedima, S.P.R.L. v.*

*Imrex Co., Inc.,* 105 S.Ct. at 3286; *Lode v. Leonardo,* 557 F.Supp. 675 (N.D.Ill.1982). The plaintiffs' amended complaint lacks sufficient allegations establishing the nexus between the alleged conduct of the defendants of which plaintiffs complain and interstate commerce to state a claim under section 1964.

### C. *Pendent Claims*

The plaintiffs have plead a myriad of claims for relief founded upon the laws of Montana. Having determined that dismissal of the plaintiffs' federal claims is appropriate, the court, within its sound discretion, deems it appropriate to refrain from exercising its pendent jurisdiction over the plaintiffs' state law claim.

In *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court stated: "Certainly if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." 383 U.S. at 726 (footnote omitted). The Court cited *Wham-O-Manufacturing Co. v. Paradise Manufacturing Co.,* 327 F.2d 748, 752–54 (9th Cir.1964), but later decisions of the Court of Appeals for the Ninth Circuit, while approving the dismissal of state claims when the federal claims have been denied prior to trial, seem to make the exercise of pendent jurisdiction discretionary. *Schmidt v. Oakland Unified School District,* 662 F.2d 550 (9th Cir.1981); *Sunbeam Lighting Co. v. Pacific Associated Lighting Inc.,* 328 F.2d 300 (9th Cir.1964).

Under section 27–2–407 M.C.A. (1985), as interpreted by the Supreme Court of Montana in *Cassidy v. Finley,* 173 Mont. 475, 568 P.2d 142 (1977), a party whose case is dismissed by a federal district court may, within one year thereafter, file an action in a state court notwithstanding that the limitation initially applicable had run. *See also, Allen v. Greyhound Lines, Inc.,* 656 F.2d 418, 422 (9th Cir. 1981). Recognizing that dismissal of this action will not prejudice the plaintiffs in regard to the filing of a state court action, there exists no compelling reason for this court to retain jurisdiction over plaintiffs' pendent state claims.

For the reasons set forth herein,

IT IS HEREBY ORDERED:

(1) That Counts One through Three of the plaintiffs' amended complaint be DISMISSED with prejudice; and

(2) That the remaining counts of the plaintiffs' complaint are DISMISSED without prejudice.

The Clerk is directed to enter JUDGMENT accordingly.