803 P.2d 111

Diane TEMPLER, Richard Templer and Hazel Templer, Plaintiffs/Appellants,

v.

John H. ZELE; Zele, Stokes and Harbour, an Arizona partnership; J.H. Zele and Associates, P.C., an Arizona corporation, Defendants/Appellees.

No. 2 CA–CV 89–0207.

Court of Appeals of Arizona, Division 2, Department B.

March 22, 1990.

Review Denied Jan. 8, 1991.

Richards & Eisenstein by Joubert W. Davenport, Tucson, for plaintiffs/appellants.

Chandler, Tullar, Udall & Redhair by D.B. Udall, Tucson, and Burditt, Bowles & Radzius by Matthew J. Iverson and Robert P. Vogt, Chicago, Ill., for defendants/appellees.

OPINION

LIVERMORE, Presiding Judge.

In this appeal we are asked to decide whether Arizona's saving statute applies to actions commenced outside of Arizona and, if so, whether it applies when the prior non-Arizona action was dismissed for lack of personal jurisdiction.

The facts are undisputed. Appellees, who are Arizona residents, provided accounting services to appellants, who are Illinois residents, in connection with certain real estate investments. On September 11, 1985, appellants claimed that they learned of the alleged negligence of appellees. Two years later, on September 4, 1987, they filed a malpractice action against appellees and others in the Circuit Court of Illinois. In May 1988, appellees were dismissed for lack of personal jurisdiction. Within six months of the dismissal, appellants filed an accounting malpractice action suit against appellees in Arizona. The court granted appellees' motion for summary judgment on the ground that the suit was not filed within the applicable two-year statute of limitations. A.R.S. § 12–542.

Arizona's saving statute, adopted by the legislature in 1986, allows a plaintiff or successor in interest to file a second action in the same cause within six months of the termination of a prior, timely-filed action, even though the statute of limitations has run by the time of the second action. The statute reads, in pertinent part:

If an action is commenced within the time limited for the action, and the action is terminated in any manner other than by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits, the plaintiff, or a successor or personal representative, may commence a new action for the same cause after the expiration of the

time so limited and within six months after such termination. If an action timely commenced is terminated by abatement, voluntary dismissal by order of the court or dismissal for lack of prosecution, the court in its discretion may provide a period for commencement of a new action for the same cause, although the time otherwise limited for commencement has expired. Such period shall not exceed six months from the date of termination.

A.R.S. § 12–504(A).

At issue is whether Arizona's saving statute applies when the first action was timely filed in another state. This is a question of first impression in Arizona. Where other state and federal courts have construed saving statutes similar to Arizona's, the majority have held that it applies only to cases commenced in the forum state.[1] The trend, however, appears to be otherwise.[2] We find the reasoning of these more recent cases more persuasive and hold that Arizona's saving statute applies equally to actions which have been timely commenced outside of Arizona.

We note first the conspicuous absence of any language within A.R.S. § 12–504 which would exempt from its application actions originating in states other than Arizona. Rather, the statute is broadly worded and we must assume, unless and until the legislature informs us otherwise, that it is worded broadly to ensure its remedial purpose. See *Technical Services, Inc.*, 861 F.2d at 1360; *Long Island Trust Co.*, 659 F.2d at 646.

Further, there are obvious policy reasons for our holding. As stated by Justice Cardozo,

> The [saving] statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts.

*Gaines v. City of New York*, 215 N.Y. 533, 539, 109 N.E. 594, 596 (App.1915). The purpose of statutes of limitation is to give defendants reasonable and timely notice of the claim against them. *Long Island Trust Co.*, 659 F.2d at 647. This purpose is not negated by applying the saving statute to cases commenced outside Arizona. An action which is timely commenced in Arizona, Illinois, or any other state effectively gives notice to the defendants that a claim has been made. The defendants in this case had ample notice of the claim against them. That being the case, the saving statute should be allowed to operate as intended, to give appellees their day in court and allow a fair adjudication on the merits.

■ Having determined that the Arizona saving statute applies to actions commenced in other forums, we must now determine whether it applies to actions which were commenced in another state but dismissed for lack of personal jurisdiction. Appellees argue that because the Illinois court lacked personal jurisdiction over them, no "action" was "commenced"

---

**1.** See *King v. Nashua Corp.*, 763 F.2d 332 (8th Cir.1985) (Missouri law); *Graham v. Ferguson*, 593 F.2d 764 (6th Cir.1979) (Tennessee law); *Andrew v. Bendix Corp.*, 452 F.2d 961 (6th Cir.1971) (Ohio law); *C & L Rural Electric Cooperative Corporation v. Kincade*, 175 F.Supp. 223 (N.D.Miss.1959), *aff'd*, 276 F.2d 929 (5th Cir.1960) (Mississippi law); *Riley v. Union Pacific Railroad Co.*, 182 F.2d 765 (10th Cir.1950) (Wyoming law); *Royal–Globe Insurance Co. v. Hauck Manufacturing Co.*, 233 Pa.Super. 248, 335 A.2d 460 (1975); *Baker v. Commercial Travelers Mutual Accident Association*, 3 A.D.2d 265, 161 N.Y.S.2d 332 (N.Y.App.Div.1957); *High v. Broadnax*, 271 N.C. 313, 156 S.E.2d 282 (1967); *Morris v. Wise*, 293 P.2d 547 (Okla.1955).

**2.** *See, e.g., Technical Consultant Services, Inc. v. Lakewood Pipe of Texas, Inc.*, 861 F.2d 1357 (5th Cir.1989) (Texas law); *Prince v. Leesona Corp., Inc.*, 720 F.2d 1166 (10th Cir.1983) (Kansas law); *Long Island Trust Co. v. Dicker*, 659 F.2d 641 (5th Cir.1981) (Texas law); *Allen v. Greyhound Lines, Inc.*, 656 F.2d 418 (9th Cir.1981) (Montana law); *Stare v. Pearcy*, 617 F.2d 43 (4th Cir.1980) (West Virginia law); *Cunningham v. Subaru of America*, No. 85–2621–S (D. Kansas 1987) (Kansas law); *Nichols v. Canoga Industries*, 83 Cal.App.3d 956, 148 Cal.Rptr. 459 (1978); *Schneider v. Schimmels*, 256 Cal.App.2d 366, 64 Cal.Rptr. 273 (1967); *Leavy v. Saunders*, 319 A.2d 44 (Del.Super.Ct.1974).

against them which could trigger the saving statute. We are aware of no rule in Arizona that the saving statute applies only if personal jurisdiction was obtained in the earlier case. In fact, the rule in Arizona is otherwise. In *Hosogai v. Kadota,* 145 Ariz. 227, 700 P.2d 1327 (1985), our supreme court's call for a saving statute, the court held that the statute of limitations for a second action was tolled by the filing of the first action, which was dismissed for lack of personal jurisdiction due to insufficient service of process. The court noted that the purpose of a saving statute is to allow an action which was dismissed after the statute of limitations has expired for reasons unrelated to the merits to be reinstated if a second action is filed promptly thereafter.

We hold that Arizona's saving statute applies to actions commenced in sister states, including those dismissed for lack of personal jurisdiction. *See also Technical Consultant Services, Inc., supra; Prince v. Leesona, supra;* and *Stare v. Pearcy, supra. Contra Cross v. General Motors Corp.,* 778 F.2d 468 (8th Cir.1985); *Graham v. Ferguson,* 593 F.2d 764 (6th Cir. 1979).

Reversed and remanded.

FERNANDEZ, C.J., and LACAGNINA, J., concur.