McMILLIN, P.J.,
for the Court:
¶ 1. This case raises the issue of whether the “savings” provision of Section 15-1-69 of the Mississippi Code of 1972 extends to suits filed within the permitted one-year grace period after the same cause of action has been dismissed in a court of another State. We hold that the provisions do not apply in such instance and, therefore, affirm the judgment of the trial court.
¶ 2. S & H Grocery, Inc., the plaintiff at the trial level and the appellant before this Court, filed a negligence action against Gilbert Construction Company, Inc., Southern Company, Inc. and Custom Sign Company, Inc. in the Circydt Court of Shelby County, Tennessee, on November 1, 1990. The alleged acts of negligence occurred while one or more of these defendants were engaged in constructing improvements on a parcel of real property owned by S & H in DeSoto County of this State. The project involved several underground gasoline storage tanks that were, at some point after construction was completed, discovered to be leaking. The Tennessee action was ultimately dismissed for lack of subject matter jurisdiction by the trial court in the summer of 1996 and an ensuing appeal was dismissed January 21, 1997. The present action advancing the same claim was filed in the Circuit Court of DeSoto County on April 30, 1997. Though the exact date the negligence claim accrued is not certain, all parties seem to concede that the limitation period for a negligence claim had expired by the time the DeSoto County suit was filed. The trial court dismissed this action as being untimely under the applicable statute of limitations.
¶ 3. S & H sought unsuccessfully to convince the trial court that Section 15-1-69 allowed a one year grace period after the end of the Tennessee litigation to file this action in the proper Mississippi court. Section 15-1-69 provides as follows:
If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the *853 judgment therein, and his executor or administrator may, in case of the plaintiffs death, commence such new action, within -the said year.
Miss.Code Ann. § 15-1-69 (Rev.1995). An extraction of the language pertinent to our decision would read as follows: “If in any action, duly commenced within the time allowed, ... the action [shall be] defeated ... for any matter of form, ... the plaintiff may commence a new action for the same cause, at any time within one year after the ... determination of the original suit....” Miss.Code Ann. § 15-1-69 (Rev.1995) (emphasis supplied).
II4. S & H now urges this Court to conclude that the trial court erred in refusing to apply the provisions of Section 15-1-69 to determine that this suit was timely filed after the final determination of the Tennessee litigation.
¶ 5. Neither order of dismissal of the Tennessee action (the trial court’s order or the appellate court’s judgment) is a part of the record in this cause; however, the parties are in agreement that the Tennessee case was dismissed because of a determination that Tennessee lacked subject matter jurisdiction. We will proceed on the assumption that the parties have properly represented the rationale for the outcome of the Tennessee litigation. Prior Mississippi Supreme Court decisions have held that a dismissal for lack of subject matter jurisdiction is a “matter of form” within the meaning of Section 15-1-69, and that the dismissed litigant, therefore, has one year to re-file the action in the appropriate court even though the statute of limitation period may have expired after the earlier litigation was commenced. Deposit Guar. Nat’l Bank v. Roberts, 483 So.2d 348, 353 (Miss.1986); Ryan v. Wardlaw, 382 So.2d 1078, 1079-80 (Miss.1980). However, in all reported cases discussing this principle, the original suit was filed in a Mississippi court.
¶ 6. The appellees argue that the provisions of Section 15-1-69 do not apply when the earlier suit was filed in a court of another state. They cite no published opinion of an appellate court of this State as authority for the proposition. Instead, they rely on persuasive authority contained in the case of C & L Rural Electric Cooperative Corp. v. Kincade, decided in the United States District Court for the Northern District of Mississippi in 1959. C & L Rural Elec. Coop. Corp. v. Kincade, 175 F.Supp. 223 (N.D.Miss.1959), aff'd 276 F.2d 929 (5th Cir.1960). That court was considering whether a predecessor to Section 15-1-69 that was, in all essential respects, identical to the present law could be invoked to permit the commencement of an action after the limitation period when the same action had been timely filed in Arkansas. In a brief opinion, the district court concluded that it could not, saying that “[t]he general rule is that the commencement of an action in one state does not toll the statute of limitations in another state unless the applicable statute so provides.” Id. at 227.
¶ 7. Other jurisdictions having similar “savings” statutes are split on the question of whether the “grace period” exists after the dismissal of a suit brought in another state. In the case of Templer v. Zele, the Arizona Court of Appeals concluded that the majority rule was that a non-forum state suit could not be invoked in that manner, but noted that the trend appeared to be to the contrary. Templer v. Zele, 166 Ariz. 390, 803 P.2d 111, 111-12 (Ct.App.1990). That court listed Mississippi as a part of the majority, relying on the C & L Rural Electric Cooperative, Corp. decision.
¶ 8. Our research indicates that there has been no major shift in other jurisdictions to follow the “trend” discovered by the Arizona court since Templer was handed down in 1990. Though the C & L Cooperative decision is not binding on this Court, we conclude that the court accurately stated the general rule, and we find nothing persuasive in the writings of those courts adopting the minority view that *854 would convince us to abandon the majority view. Therefore, in the absence of language in the Mississippi statute explicitly including suits brought in courts outside this State, we decline to apply the one-year grace period of Section 15-1-69 to extend the time to file an action in Mississippi after a dismissal of the same suit brought in another forum.
¶ 9. There being no basis on which to extend the statute of limitations beyond its original six year term, the trial court was correct in dismissing this action as being untimely filed.
¶ 10. THE JUDGMENT OF THE DE-SOTO COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, C.J., THOMAS, P.J., COLEMAN, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.
DIAZ, J., DISSENTS WITH WRITTEN OPINION JOINED BY HERRING, J.