DIAZ, J.,
DISSENTING:
¶ 11. I respectfully dissent from the majority’s decision to affirm the dismissal of the appellant’s complaint as being untimely filed. The appellant’s original cause of action was dismissed in the Tennessee courts for lack of subject matter jurisdiction on January 21, 1997. During the pen-dency of that cause, the applicable statute of limitations in the State of Mississippi would have expired except for the provision of Mississippi Code Annotated § 15-1-69 which provides in part:
If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated ... for any matter of form ... the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit....
M.C.A. § 15-1-69 (Rev.1995) (emphasis added).
¶ 12. In Deposit Guaranty National Bank v. Roberts, 483 So.2d 348 (Miss.1986), the Mississippi Supreme Court addressed the purpose of the “saving statute” as Mississippi Code Annotated § 15-1-69 is often considered:
[A] cause dismissed for want of jurisdiction is a cause dismissed “for ... matter of form” for purposes of the “saving statute.” Such a cause can be refiled within a year of the dismissal and though the second filing may be beyond the original statute of limitations, the “saving statute” prevents it from being barred.
(emphasis added).
¶ 13. Indeed, as the majority points out, other jurisdictions have “saving statutes” similar to Mississippi’s. Furthermore, the recent minority trend recognizes that a grace period exists after the dismissal of a suit brought in the non-forum state. See Templer v. Zele, 166 Ariz. 390, 803 P.2d 111, 112 n. 2 (Ct.App.1990). In Tempter, the court found that the “saving statute” was “worded broadly to ensure its remedial purpose” and therefore, applied to actions which were timely filed outside of Arizona. Id. at 112. Here, the majority states that the statute does not address actions filed outside of Mississippi. However, the majority disregards the plain language of § 15-1-69 which begins, “If in any action....” Miss. Code Ann. § 15 — 1— 69. In my view, the statutory language could not be more clear or applicable in this matter. Certainly, the appellant’s complaint falls within the definition of “any action.” Furthermore, it meets the requirements of having been timely filed within the original six year statute of limitations when it was first commenced in the Tennessee judicial system. Thereafter, as the appellant was preparing to file its complaint in Mississippi, the one-year period of § 15-1-69 extended the time limit within which it could file the action. Therefore, I *855 would allow the appellant to file its complaint in DeSoto County based on the language of Miss.Code Ann. § 15-1-69 which would allow a grace period for filing complaints in any action which was timely commenced but dismissed for lack of jurisdiction as is the case here.
HERRING, J., JOINS THIS SEPARATE OPINION.